332 So.2d 565 (1976)
L.E.C., INC.
v.
J. Charles COLLINS, Jr., et al.
No. 10601.
Court of Appeal of Louisiana, First Circuit.
March 1, 1976.
On Denial of Rehearing April 12, 1976.
*566 J. Charles Collins, in pro per.
William Mysing, Covington, for appellees.
Before LANDRY, COVINGTON and PONDER, JJ.
LANDRY, Judge.
Defendant, J. Charles Collins, Jr. (Appellant) appeals a judgment ordering amendment and modification of a notice of lis pendens filed by Appellant against plaintiff herein, L.E.C., Inc., and other parties (Appellee), in a related action by Appellant contesting title to streets in, and the relocation of the entrance to, a residential subdivision in which Appellant purchased a building site from Appellee's predecessor in title. We amend the judgment to revise the modification ordered by the trial court.
The fundamental issue presented herein is whether Appellant's notice of lis pendens applies to property which is not in dispute in Appellant's related action. Resolution of this sole issue must be made in the light of two legal questions, neither of which can be decided herein. The first is whether the developer of a subdivision may change the location of a subdivision entrance after having sold lots therein based on a plan showing a different entrance. Second, whether certain legends on recorded subdivision maps have the effect of dedicating the roads and streets thereon to the public in fee or merely convey a public servitude of right of way.
On June 23, 1966, Appellant purchased from Louis C. Chenel Lot 7, Block 4, Addition 1, Merrywood Estates Subdivision, and Additions 1, 2 and 3, St. Tammany Parish, as shown on a then unrecorded map of said subdivision by Robert A. Berlin, Surveyor, dated January 17, 1966. Said map was recorded November 8, 1966, in the records of the Clerk and Recorder, St. Tammany Parish, and bears the following unsigned legend:
"Approval is hereby granted for this subdivision with the understanding that the streets shown hereon are to be private ways and shall not be accepted into the St. Tammany Parish Road System until they are formally dedicated to the police jury of said parish and at such time shall meet the minimum parish specifications then in effect. The streets shown hereon are private ways to be maintained without public assistance."
*567 The Berlin plat shows Merrywood Estates to be situated on the south side of La. Highway 40, which runs in a northwesterly-southeasterly direction. Lot 1, as shown thereon, measures 220 feet front along the south side of the highway and is situated at the extreme northwest corner of the subdivision. Lots 2, 3, 4, 5 and 6, successively proceed in a southeasterly direction. Lot 6, measuring 288 feet front, is bounded on its eastern extremity by an unnamed 60 foot entrance street which in turn is bounded on its eastern extremity by Lot 13 which fronts 347 feet along the highway. At the south ends of Lots 6 and 13, the entrance street is shown branching into a "Y". As one enters the subdivision from the highway, the unnamed right branch of the "Y" runs in a southwesterly direction, south of Lots 6, 5, and 4, a distance of approximately 800 feet to about the center of the South line of Lot 4, approximately 500 feet south of the highway, at which point it dead ends at Orleans Street which runs perpendicular to the highway. The left branch of the "Y" goes in a southeasterly direction behind Lots 13, 14, 15 and 16, which face the highway, and at a point approximately 1,000 feet south of the highway connects directly with Normandy Street which runs perpendicular to the highway. Appellant's property is situated on the west side of Orleans Street approximately 700 feet south of the point where the right "Y" branch ends. As shown on this map, Orleans Street does not have direct access to the highway.
On December 23, 1971, Appellees recorded in St. Tammany Parish, a map entitled "Merrywood Estates Subdivisions and Additions 1, 2, 3 and 4 by Jeron R. Fitzmorris, Surveyor, dated April 1, 1969." This map shows addition 4 to consist of a strip of land lying immediately to the west of Lot 1 shown on the Berlin map. The Fitzmorris map bears the approval of the President of the St. Tammany Parish Police Jury, the Parish Engineer, Secretary of the St. Tammany Parish Planning Commission and Chairman of the Subdivision Regulatory Commission, under date of November 18, 1971, which approval reads as follows:
"Approval is hereby granted for this subdivision with the understanding that streets shown hereon are to be private ways and shall not be accepted into the parish road system until they are formally dedicated to the parish and at such time shall meet the parish minimum requirements then in effect. Until such time that they are so accepted these streets will be maintained without public assistance."
The Fitzmorris map changes the subdivision entrance, from its former location between Lots 6 and 13, to a point 600 to 700 feet westerly. It shows the new entrance to consist of a 100 foot wide boulevard type entrance situated between Lots 3 and 4, and leading from the highway directly south to Orleans Street, thus connecting Orleans Street with the highway on a straight line.
Although Appellant purchased his lot from Louis E. Chenel, in November, 1972, Appellant received a notice from Appellee requesting payment for certain street improvement work allegedly performed by Appellee corporation in the subdivision. A second notice was received by Appellant in June, 1973.
On June 12, 1974, Appellant instituted action against Chenel, L.E.C., Inc., and others, for injunctive relief to secure Appellant's possession of, and access to, all entrances, roads and streets in the subdivision. Appellant averred his physical possession of Lot 7 since its acquisition and claimed disturbance thereof by defendants in that defendants have moved the subdivision entrance, are claiming title to the streets and roadways in the subdivision and have refused to make formal dedication of the roads and streets as required by La-R.S. 33:5051. Appellant prayed for injunctive relief prohibiting defendants from claiming ownership of the streets, mandating defendants to restore the original entrance *568 and also mandating defendants to formally dedicate the streets as shown on the Berlin map of January 17, 1966, in default of which the court declare the dedication.
Coupled with his action for injunctive relief, Appellant filed a notice of lis pendens giving notice as follows:
"The object of this suit is to obtain judicial confirmation of the ownership of the roads, servitudes and rights of access and ingress to all properties in Merrywood Estates Subdivision which is described generally as follows:
A part of Section 7, 18 and 19, Township 5, South, Range 11 East, St. Tammany Parish, Louisiana.
Particular relief is sought for the reclamation of the closed entranceway to Merrywood Subdivision being a part of Lot 6 and/or 13 of the subdivision facing Louisiana Highway 40."
In this action, Appellee contends the change in entrance location, both of which sites are owned by Appellee, was made in compliance with the mandate of the Parish Governing Authority based upon recommendation of the Parish Engineer and Parish Subdivision Regulatory Commission, pursuant to regulations of the Parish Governing Authority, all of which authorities have approved the Fitzmorris map. Appellee suggests that Appellant has no privity of contract with Appellee for the ultimate design and location of the subdivision entrance and that Appellant is without right to bring an action to enjoin such a change or file a notice of lis pendens in connection therewith. In Appellant's original action, as in this suit as well, Appellee contends that recordation of the Berlin and Fitzmorris maps constitutes statutory dedication to the public of a servitude of passage over all streets and roads shown on the Fitzmorris map. Appellee also contends that title to all such streets and roads was retained by Appellee. Alternatively, Appellee argues that since a servitude of passage has been granted the public, Appellant has no right to litigate ownership of the street areas, therefore Appellant's notice of lis pendens should be restricted to affect only the lots involved, namely, Lots 4, 6 and 13. Entitlement to such relief is claimed by Appellee on the ground that to permit the notice to affect the entire subdivision will cause Appellee irreparable injury by rendering unmerchantable the title to all lots in the subdivision despite only a few lots being in actual dispute.
The lower court rendered judgment ordering Appellant's notice of lis pendens amended to affect only the following described property:
"Lots 4, 6 and 13, Square 7, Merrywood Estates Subdivision, situated in Sections 7, 18 and 19, Township 5 South, Range 11 East, Parish of St. Tammany."
The purpose of a notice of lis pendens is to give effective notice to third persons of the pendency of an action affecting title to, or asserting a mortgage or lien on, immovable property. La-C.C.P. Article 3751.
To be effective, the notice required by Article 3751 above must be in writing, must be signed by the plaintiff, and must show the name of the court in which the action is filed, the title, docket number and date of filing of the action, the object of the action and a description of the property sought to be affected. La-C.C.P. Article 3752.
We deem it elementary that a notice of lis pendens is not concerned with the merits of the litigation incident to which the notice is filed. The sole purpose of the notice is to inform the general public of the precise property involved in the litigation and the object or purpose of the suit with respect to the property concerned. Beyond this, the notice has no role or function whatsoever. It follows that while we may not herein determine the issues raised in Appellant's action, nevertheless *569 we must consider these issues to determine whether the notice of lis pendens applies to property other than that affected by Appellant's demands.
Appellant's action asserts in essence that, pursuant to La-R.S. 33:5051, recordation of the Berlin and Fitzmorris maps constituted a dedication of the streets and other public areas shown thereon to the public in fee simple. In this regard we note that said statute provides that every recorded subdivision map shall contain a formal dedication by the owner of all streets, alleys and public squares or plats shown thereon to public use. We also note that our jurisprudence holds that the filing of a subdivision map, even without the required dedication, constitutes a statutory dedication of all streets thereon to public use, irrespective of the subdivider's intention.
Appellee maintains, however, that the legends shown on the maps, particularly that on the Fitzmorris map, dedicate only a servitude over streets and public areas shown on the map. It appears, unquestionably, that the precise nature of the dedication is in dispute in this instance.
As regards location of the entrance, Appellant contends the location on the Berlin map cannot be changed without the express consent of persons who purchased property in the subdivision pursuant to that plan. Quite clearly, the land area designated as the subdivision entrance on the Berlin map and the land area designated as the entrance on the Fitzmorris map are in dispute. Appellee's position concerning its right to make the change addresses itself to the merits of that issue. Neither are we concerned herein with Appellee's claim that Appellant is without interest in the subject matter of Appellant's initial action. That issue does not address itself to the proper scope of the notice of lis pendens.
Finally, we note Appellant's contention that Appellee is without legal right to assess Appellant with the cost of street improvements undertaken by Appellee. We find this issue has become moot due to Appellee's unqualified acknowledgment of lack of authority to compel Appellant to contribute to the cost of such construction.
Inasmuch as title to subdivision streets is declared in the notice to be one of the prime objects of Appellant's related action, the trial court erred in deleting therefrom all reference to subdivision streets.
It is ordered, adjudged and decreed, that the judgment of the trial court decreeing amendment and modification of the notice of lis pendens filed by Appellant in the matter entitled, "J. Charles Collins, Jr. V. Louis E. Chenel, et al.," Number 40-761 on the docket of the Honorable Twenty-Second Judicial District Court, St. Tammany Parish, recorded in MOB 554, Folio 60, and COB 734, Folio 737, records of the Clerk and Recorder, St. Tammany Parish, be and the same is hereby amended and revised to apply to the following described property:
Lots 4, 6 and 13, Square 7, Merrywood Estates Subdivision and Additions 1, 2, 3 and 4, situated in Sections 7, 18 and 19, Township 5 South, Range 11 East, St. Tammany Parish, Louisiana, as shown on map thereof by R. A. Berlin, Surveyor, dated January 17, 1966, recorded November 8, 1966, COB 403, Folio 279, records of the Clerk and Recorder, St. Tammany Parish, and as shown on map of said subdivision by Jeron R. Fitzmorris, Surveyor, dated April 1, 1969, bearing File Number 1411 of the Clerk and Recorder, St. Tammany Parish, and recorded December 23, 1971, in the records of said Clerk and Recorder.
All of the roads, streets, alleys and public squares shown on the hereinabove described maps of Merrywood Estates Subdivision, and Additions 1, 2, 3 and 4, including particularly, the locations of the entrance to said subdivision as shown on said maps.
*570 It is further ordered, adjudged and decreed that all costs incurred in the trial court be paid by Appellant, J. Charles Collins, Jr., and all costs of this appeal be paid by Appellee, L.E.C., Inc.
Amended and rendered.
PER CURIAM.
In application for rehearing, plaintiff, L. E. C., Inc., suggests we reword the notice of lis pendens decreed herein to indicate limitation of said notice to "Lots 4, 6 and 13, Square 7, Merrywood Estates Subdivision (in) Additions 1, 2, 3 and 4, situated in . . ." Similarly, applicant suggests inclusion of the word "in" between "Subdivision" and "Additions" in the second paragraph of our notice of lis pendens.
We understand applicant's request is based on the ground that the notice is ambiguous in that it applies to property not necessarily found to be in dispute. It was our intention to restrict the notice of lis pendens to Lots 4, 6 and 13, Merrywood Estates Subdivision, and Additions 1, 2, 3 and 4, fronting on the south side of Louisiana Highway 40; the entrance to Merrywood Estates Subdivision and Additions 1, 2, 3 and 4, from Louisiana Highway 40; and, all of the streets, alleys and public squares in Merrywood Estates Subdivision and Additions 1, 2, 3 and 4, as shown on the mentioned Berlin and Fitzmorris maps.
For the purpose of making our intent clear, it is ordered, adjudged and decreed that the notice of lis pendens issued herein be and the same is hereby amended and revised to read as follows:
"Lots 4 and 6, Merrywood Estates Subdivision, Addition Number 1, and Lot 13, Merrywood Estates Subdivision situated in Sections 7, 18 and 19, Township 5 South, Range 11 East, St. Tammany Parish, Louisiana, as shown on map of said Merrywood Estates Subdivision and Additions 1, 2 and 3 by R. A. Berlin, Surveyor, dated January 17, 1966, recorded November 8, 1966, COB 403, Folio 279, records of the clerk and recorded, St. Tammany Parish, and as shown on map of Merrywood Estates Subdivision and Additions 1, 2, 3 and 4, by Jeron R. Fitzmorris, Surveyor, dated April 1, 1969, bearing File Number 1411 of the clerk and recorder, St. Tammany Parish, and recorded December 23, 1971 in the records of said clerk and recorder.
All of the roads, streets, alleys and public squares shown on the hereinabove described maps of Merrywood Estates Subdivision and Additions 1, 2, 3 and 4, including particularly the locations of the entrance to said subdivision, as shown on said maps."
The application for rehearing is denied, all costs incident to this application to be paid by applicant.