411 So.2d 1 (1982)
Edward C. LAMB
v.
Janet F. LAMB.
No. 82-C-0075.
Supreme Court of Louisiana.
February 12, 1982.
J. Minos Simon, Simon & Dauterive, Lafayette, for plaintiff-applicant.
Thomas Robert Shelton, Philip C. Kobetz, Shelton & Legendre, Lafayette, for defendant-respondent.
PER CURIAM.
GRANTED. The ruling of the court of appeal is reversed, the husband's suit for divorce is reinstated, and exception of lis pendens is overruled.
The wife's suit for divorce (based on adultery) and the husband's suit for divorce (based on living apart for one year) are suits between the same parties and have the same object (the same "thing demanded"), but are not suits on the same cause of action.[1] C.C.P. Art. 531. Cause in C.C. Art. *2 2286 (mistranslated from the French as "cause of action") is the juridical or material fact which is the basis of the right claimed or the defense pleaded, and for the purpose of res judicata (or lis pendens) cause of action essentially refers to the grounds upon which the demand is based. Mitchell v. Bertolla, 340 So.2d 287 (La.1976).
Because the two actions for divorce are based on different causes of action, C.C.P. Art. 531 does not apply, and the court of appeal erred in maintaining the exception.
The case is remanded to the court of appeal to consider the other assignments of error in the wife's application for supervisory writs, including the denial of the motion to consolidate and the granting of the motion to sever the reconventional demand for alimony from the principal demand for divorce.
NOTES
[1] If the wife had litigated her suit for divorce based on adultery and had lost, she could have immediately filed a suit for divorce grounded on a separation of one year, and the judgment in the adultery suit clearly would not constitute a res judicata bar to the second suit (even if the one-year cause of action had accrued before the judgment). Similarly, the wife's adultery suit does not bar the filing by the other party of a divorce suit based on another cause of action (other grounds).

The wife's recourse, after the husband filed a no fault divorce suit, was not to retard that suit by the filing of an exception of lis pendens (particularly on the last day of an extended period for filing responsive pleadings), but to seek consolidation or to reconvene for alimony based on her freedom from fault. (The wife ultimately filed both pleadings, and the trial court denied the motion to consolidate and subsequently granted the husband's ex parte motion to sever the wife's reconventional demand for alimony from the husband's principal demand for divorce. The wife complained of both rulings in her application for supervisory writs to the court of appeal, but that court did not reach those issues because of the peremptory order maintaining the exception of lis pendens.)