452 So.2d 426 (1984)
Richard Joseph HAYNIE, Plaintiff-Appellant,
v.
Phyllis Logan HAYNIE, Defendant-Appellee.
No. 83-780.
Court of Appeal of Louisiana, Third Circuit.
June 27, 1984.
Irving Ward-Steinman, Alexandria, for plaintiff-appellant.
Vivian Whittle, Alexandria, for defendant-appellee.
Before GUIDRY, LABORDE and KNOLL, JJ.
GUIDRY, Judge.
In this matter, the court sustained an exception of lis pendens filed by defendant and dismissed the plaintiff's suit.
On June 1, 1983, plaintiff, Richard Joseph Haynie, filed this suit which bears docket no. 127,532 in the Ninth Judicial District Court for the Parish of Rapides. In his petition, plaintiff sought a separation from bed and board on the grounds of abandonment; provisional and permanent custody of the minor child, Tara Marie Haynie; and, dissolution of the community of acquets and gains. On June 2, 1983, the court issued an ex parte order granting Richard Joseph Haynie provisional custody of his minor daughter, Tara Marie Haynie. A curator ad hoc was appointed to represent the absent defendant, Phyllis Logan Haynie, and the curator was served on June 7, 1983.
The defendant, Phyllis Logan Haynie, through counsel, filed an exception of lis pendens on June 8, 1983, to which she attached a certified copy of the proceedings in civil suit number 127,478 on the docket of the Ninth Judicial District Court for the Parish of Rapides, which was filed on May 27, 1983, by Phyllis Haynie against Richard Haynie for separation from bed and board on the grounds of cruelty. In that suit, Mrs. Haynie also sought provisional and permanent custody of the minor child, Tara Haynie; dissolution of the community of acquets and gains; and, alimony and/or child support. On May 31, 1983, the court in civil suit number 127,478 issued an order setting a rule to be heard on June 13, 1983, for provisional custody and alimony pendente lite and/or child support. Personal service of civil suit number 127,478 was made on Richard Haynie on June 4, 1983. The exception of lis pendens in civil suit *427 number 127,532 was also set to be heard on June 13, 1983. Service of the rules to show cause for the hearing on the exception of lis pendens in civil suit number 127,532 and on the hearing for provisional custody in civil suit number 127,478, which were both set for June 13, 1983, was made on Richard Haynie on June 10, 1983.[1]
After hearing on the exception of lis pendens, the trial judge rendered judgment sustaining the exception of lis pendens, dismissing civil suit number 127,532 without prejudice and cancelling the ex parte order therein which granted provisional custody of Tara Marie Haynie to Richard Joseph Haynie.
We find that the trial judge, in written reasons for judgment, properly disposed of two issues which plaintiff reurges on appeal. The trial judge correctly concluded that for the purpose of the exception of lis pendens a civil action commences when a petition is filed, not when citation is served. Sims v. Sims, 247 So.2d 602 (La. App. 3rd Cir.1971). We also find no abuse of discretion in the trial judge's failure to dismiss the hearing on the exception of lis pendens for the alleged failure to fix the hearing in compliance with the rules of the Ninth Judicial District Court.
We nonetheless reverse finding merit in plaintiff's remaining argument which was not addressed in the lower court's written reasons for judgment, and which is apparently urged for the first time on appeal. Appellant cites Lamb v. Lamb, 411 So.2d 1 (La.1982) for the proposition that the wife's suit for separation based on cruelty and the husband's suit for separation based on abandonment are suits on separate causes of action, and therefore, the trial court erred in maintaining the exception of lis pendens. In Lamb, supra, the court stated as follows:
"The wife's suit for divorce (based on adultery) and the husband's suit for divorce (based on living apart for one year) are suits between the same parties and have the same object (the same "thing demanded"), but are not suits on the same cause of action.1 C.C.P. Art. 531. Cause in C.C. Art. 2286 (mistranslated from the French as "cause of action") is the juridical or material fact which is the basis of the right claimed or the defense pleaded, and for the purpose of res judicata (or lis pendens) cause of action essentially refers to the grounds upon which the demand is based. Mitchell v. Bertolla, 340 So.2d 287 (La.1976).
1 If the wife had litigated her suit for divorce based on adultery and had lost, she could have immediately filed a suit for divorce grounded on a separation of one year, and the judgment in the adultery suit clearly would not constitute a res judicata bar to the second suit (even if the one-year cause of action had accrued before the judgment). Similarly, the wife's adultery suit does not bar the filing by the other party of a divorce suit based on another cause of action (other grounds).
The wife's recourse, after the husband filed a no fault divorce suit, was not to retard that suit by the filing of an exception of lis pendens (particularly on the last day of an extended period for filing responsive pleadings), but to seek consolidation or to reconvene for alimony based on her freedom from fault...."
We find that Lamb compels the same result in the present case. Because the two actions for separation are based on different causes of action (grounds), LSA-C.C.P. Art. 531 does not apply, and the trial court erred in maintaining the exception.
For the above and foregoing reasons, the order of the trial court dismissing plaintiff's suit is reversed and there is judgment rendered overruling the exception of lis pendens filed by the defendant. This case is remanded to the district court for further proceedings consistent with the views expressed. Costs of appeal assessed against defendant, Phyllis Logan Haynie.
REVERSED AND REMANDED.
NOTES
[1] Although service on these rules does not appear of record, Mr. Haynie's allegation of service on the 10 of June is not contested by Mrs. Haynie.