SAVOIE, Judge.
Plaintiffs appeal the trial court’s denial of their Writ of Mandamus, directing that the clerk of court erase a notice of lis pendens recorded against certain immovable property. We affirm.
Following the death of their mother, Mrs. Marcelle Menard, plaintiffs and defendant entered into protracted litigation in 1976 to partition her estate. A partition agreement was finally reached in February of 1979.
On January 31,1983, defendant, Louis V. de la Vergne, sought to rescind the Agreement based upon plaintiffs’ fraud and other questionable acts. Concurrent therewith, defendant filed a Notice of Lis Pendens in connection with the estate’s immovable property. Thereafter, plaintiffs filed a petition for writ of mandamus, requesting that the clerk of court be ordered to erase such notice from the records. Defendant then filed certain dilatory, declinatory, and peremptory exceptions to such petition. On the hearing of this matter, the trial court overruled defendant’s exceptions and denied plaintiffs’ petition for the writ of mandamus.
Plaintiffs appeal, asserting that the trial court erred in denying the writ of mandamus where service of defendant’s petition had not been effected. Additional assignments of error were filed which concern the merits of defendant’s suit for rescission of the Agreement. Any discussion of the additional assignments of error are preter-mitted, those issues not being properly before the court.[1]
The sole issue presented herein is whether a notice of lis pendens is proper where suit has been filed but service on the defendant has not been effected.
LSA-C.C.P. art. 421 provides that:
“A civil action is a demand for the enforcement of a legal right. It is commenced by the filing of a pleading presenting the demand to a court of competent jurisdiction. Amicable demand is not a condition precedent to a civil action, unless specifically required by law.”
This statute clearly provides that a civil action commences when a petition is filed in a court of competent jurisdiction. A civil action having commenced, the filing of a notice of lis pendens is not precluded. Service of citation is not a condition precedent to the civil action’s commencement. Haynie v. Haynie, 452 So.2d 426 (La.App. 3rd Cir.1984).
In the instant matter, the record reflects that suit was filed on January 31, 1983, in a court of competent jurisdiction. Therein, defendant requested that service of citation be withheld at that time. The record reflects that service was still unef-fected as of the date of the hearing. However, service not being a condition precedent to commencement of filing suit, the notice of lis pendens was properly filed. Haynie, supra.
For the above and foregoing reasons, judgment of the trial court is hereby affirmed. Plaintiffs are to pay all costs.
AFFIRMED.

. In L.E.C., Inc. v. Collins, 332 So.2d 565 (La.App. 1st Cir.1976), this court has succinctly stated the nature of lis pendens as follows:
We deem it elementary that a notice of lis pendens is not concerned with the merits of the litigation incident to which the notice is filed. The sole purpose of the notice is to inform the general public of the precise property involved in the litigation and the object or purpose of the suit with respect to the property concerned. Beyond this the notice has no role or function whatsoever.
L.E.C., Inc. v. Collins, supra, at p. 568.