Dwayne J. ROYER

v.

HARRIS WELL SERVICE, INC.

Civ. A. No. 89–628–B.

United States District Court,
M.D. Louisiana.

July 31, 1990.

L.H. Olivier, Shelton & Legendre, Lafayette, La., for plaintiff.

Charles M. Raymond, Arthur A. Crais, Jr., Shell Oil Co., New Orleans, La., for defendants.

## RULING ON MOTION TO REMAND

POLOZOLA, District Judge.

Dwayne J. Royer, filed this personal injury suit on December 11, 1984 in the Eighteenth Judicial District Court in Iberville Parish against Harris Well Service, Inc. (Harris), a Louisiana corporation, and Shell Oil Corporation (Shell)[1], a foreign corporation authorized to do business in Louisiana. Royer contends he was injured on a mobile drilling rig owned by Harris while working according to Shell's specifications. In 1985, Harris filed a peremptory exception of no cause of action in state court asserting that the plaintiff's exclusive remedy was pursuant to the Worker's Compensation Act.[2] No action was taken on the exception until July 11, 1989. On that date, the state court granted Harris' peremptory exception and dismissed Harris as a defendant. The court also ordered plaintiff to amend his petition regarding the allegations made against Shell Oil Corporation. The plaintiff timely amended his petition against Shell Oil Company. A second amended petition was filed on August 22, 1989, naming Shell Western E & P as a

---

1. The caption in plaintiff's state court petition refers to Shell Oil Corporation. The body of the petition refers to Shell Oil Corporation, while the prayer of the petition refers to Shell Oil Company.

2. See, LA R.S. 23:1032.

**1248**

defendant in the state court suit. On the same date, Shell removed the suit to this Court asserting diversity jurisdiction under 28 U.S.C. § 1332. On September 20, 1989, plaintiff filed a motion to remand[3] this suit to state court. Plaintiff contends this suit was untimely and improperly removed to federal court. Specifically, plaintiff contends that because this diversity suit had been pending for more than one year in state court, Shell was prohibited from removing this action under 28 U.S.C. § 1446(b).

Shell opposes the remand of this suit to state court. Shell further contends the suit against Shell Western P & E has not been pending for more than one year. Shell further contends it should not be barred from removing this case by the one year limitation set forth in section 1446(b) because of the substantial delay the state court took in rendering a decision on the peremptory exception filed by Harris.

For reasons which follow, the Court finds that plaintiff's motion to remand should be granted.

■■■ The Congress amended 28 U.S.C. § 1446(b) in the Judicial Improvements and Access to Justice Act (Act).[4] The Court finds that the amendments to 28 U.S.C. § 1446 are retroactive.[5] The amendment to section 1446(b) places a one year limitation on diversity cases removed from state court:

> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, *except that a case may not be removed on the basis of jurisdiction conferred by section 1332*

*of this title more than 1 year after commencement of the action.*

Therefore, regardless of when a diversity case becomes removable, the case cannot be removed to federal court more than one year after the commencement of the action in state court. Thus, the Court must determine when the action was commenced in state court. The Louisiana Code of Civil Procedure sets forth the date a suit is commenced in state court in article 421 which provides:

> A civil action is a demand for the enforcement of a legal right. *It is commenced by the filing of a pleading presenting the demand to a court of competent jurisdiction.* Amicable demand is not a condition precedent to a civil action, unless specifically required by law.

Plaintiff's suit was originally filed on December 11, 1984 against Harris and Shell. Plaintiff sought damages arising from an accident which occurred on November 5, 1984. Shell, however, argues that this is not the proper date of commencement since Shell Oil Company was named as a defendant instead of Shell Western E & P (Shell Western), the correct party defendant. Since Shell Western did not become a named party defendant until the second amended complaint filed on August 22, 1989, Shell contends August 22, 1989 is the date the suit was commenced in state court and its removal on the same day was a timely removal. Shell's contentions are without merit.

Plaintiff's cause of action is based on an accident which occurred on November 5, 1984. The cause of action asserted against the defendants is a single cause of action arising from a single accident. In no way can it be argued that the cause of action asserted against one defendant is a separate and independent cause of action from that asserted against the other defendants. Thus, it is immaterial that Shell Western

---

3. Since plaintiff filed this motion to remand within thirty days of the notice of removal, the motion was timely filed. 28 U.S.C. § 1447(c).

4. Public Law 100–702, 102 Stat. 4642 (November 19, 1988).

5. While the Congress placed limitations on the effective date of many provisions of the Judicial Improvements and Access to Justice Act, no time restrictions were placed on the effective date to the amendments to the removal statute.

was not added as a defendant until some four years after the suit was filed.

Therefore, this Court find that this action was commenced on December 11, 1984. Since the action was not removed until 1989, the removal was not timely under the one year limitation set forth in 28 U.S.C. § 1446(b).[6]

■ Finally, the Court must consider Shell's argument that it should not be barred from removing this action because of the four year delay the state court took in resolving the exception filed by Harris. Shell argues that because there has been a substantial delay between the date the exception was filed in 1984 and the 1989 ruling, substantial progress has not occurred in this suit to invoke the one year limitation. The clear language of section 1446(b) and its legislative history fail to support the defendant's contention.[7] The amended petition contains no exceptions which the federal court may apply to suspend or interrupt the one year limitation. While the one year limitation could lend itself to abuses and inequities, it is for the Congress and not this Court to rewrite the provisions of section 1446(b).

Since the removal was filed more than one year from the commencement of the action in state court, the plaintiff's motion to remand this suit back to the Eighteenth Judicial District in Iberville Parish is hereby GRANTED.

Judgment shall be entered accordingly.

---

**6.** This Court makes no determination of whether the second amended petition filed by the plaintiff which added Shell Western E & P as a defendant was timely insofar as the Louisiana statute of limitations is concerned. That issue can best be resolved by the state court following remand. See, *Ray v. Alexandria Mall*, 434 So.2d 1083 (La.1983).

**7.** The legislative history to this section of the Judicial Improvements and Access to Justice Act states:

Subsection (b)(2) amends 28 U.S.C. 1446(b) to establish a one year limit on removal based on diversity jurisdiction as a means of reducing the opportunity for removal after substantial progress has been made in state court. The result is a modest curtailment in access to diversity jurisdiction. *The amendment addresses problems that arise from a change of parties as an action progresses toward trial in state court.*

House Committee on Judiciary, Judicial Improvements and Access to Justice Act, House Report No. 100–889, 100th Cong. 2d Session (to accompany H.R.4807), reprinted in 1988 U.S. Code Cong. & Adm. News, 5982, 6032.