**Alexis MARTINE and Paula Martine**

**v.**

**NATIONAL TEA COMPANY d/b/a the Real Superstore, Kelley Co., and Gambit International, Inc.**

**Civ. A. No. 92–882–B.**

United States District Court,
M.D. Louisiana.

March 24, 1993.

Lewis O. Unglesby, Lewis O. Unglesby, Attorney at Law, Stephen Randolph Edwards, Baton Rouge, LA, for plaintiffs.

Robert Spencer McCullough, Michael Stuart Mitchell, McGlinchey Stafford Lang, New Orleans, LA, for National Tea Company.

Daniel Joseph Balhoff, Ben Louis Day, Mathews, Atkinson, Guglielmo, Marks & Day, Baton Rouge, LA, for Kelley Co.

## RULING ON PLAINTIFFS' MOTION TO REMAND

POLOZOLA, District Judge.

This matter is before the Court on plaintiffs' Motion to Remand and for Costs and Expenses. Though this Court has grave concerns about a plaintiff intentionally withholding service until the one year period for removal has run to prevent removal, the Court finds that the plaintiffs' Motion to Remand should be granted. However, the Court declines to award costs and expenses to the plaintiffs.

On August 26, 1991 Alexis Martine and his wife, Paula Martine,[1] filed suit in the 19th Judicial District Court, for the Parish of East Baton Rouge, Louisiana. Plaintiffs named as defendants the National Tea Company d/b/a The Real Superstore, Kelley Company, Inc., and Gambit International, Inc.[2] On September 11, 1992, over one year after suit was filed, the plaintiffs served Kelley Company Inc. ("Kelley") pursuant to La. R.S 13:3201.

---

1. Paula Martine is referred to as "Paulina Martine" in the plaintiffs' original petition for damages filed in state court.

2. Plaintiffs also named the insurers of the various defendants in their petition for damages.

Kelley filed a Notice of Removal on October 9, 1992 claiming diversity of citizenship as a basis for subject matter jurisdiction pursuant to 28 U.S.C. § 1332. Kelley filed a Supplemental Notice of Removal on October 14, 1992.

The second paragraph of 28 U.S.C. § 1446(b) provides:

> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, *except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action.* (emphasis added).

■ Therefore, regardless of when a diversity case becomes removable, the case cannot be removed to federal court more than one year after the commencement of the action in state court.[3] In Louisiana, an action is commenced by the filing of a pleading presenting a demand to a court of competent jurisdiction.[4] Service of citation is not a condition precedent to the civil action's commencement.[5]

■ The plaintiffs filed a petition for damages in the state court on August 26, 1991. Plaintiffs then waited until September 11, 1992 to serve Kelley. By delaying service on Kelley for over a year, plaintiffs ensured that this action could not be timely removed by Kelley to a federal forum.[6]

■ This Court recognizes that the one year limitation upon removal lends itself to abuses and inequities, particularly where, as here, the parties did not attempt service on the defendant until more than one year after the suit was filed in state court. However, it is for the Congress and not this Court to rewrite the provisions of section 1446(b) to curb such abuses.[7]

Considering the very close issue [8] involved as to whether there could be a timely removal under the facts of this case, the Court is willing to certify this issue to the Fifth Circuit Court of Appeals pursuant to 28 U.S.C. § 1292(b) if the parties wish to pursue such an appeal. The Court shall give the parties ten (10) days to file a motion to certify under § 1292(b). The Court will withhold entering final judgment until the Court determines whether a motion to certify the matter to the Fifth Circuit will be filed. It is for this reason that the Court also denies plaintiffs' request for costs and expenses.

Therefore, IT IS ORDERED that plaintiffs' Motion to Remand be and it is hereby GRANTED.

IT IS FURTHER ORDERED that the plaintiffs' request for costs and expenses be and it is hereby DENIED.

IT IS FURTHER ORDERED that the parties shall have ten (10) days to file a motion to certify the matter to the Fifth Circuit Court of Appeals pursuant to 28 U.S.C. § 1292(b). The Court will withhold entering a judgment ordering remand for a period of ten days.

---

**3.** *Royer v. Harris Well Service, Inc.,* 741 F.Supp. 1247, 1248 (M.D.La.1990).

**4.** La.Code Civ.P. art. 421 (1993); *De La Vergne v. De La Vergne,* 479 So.2d 549, 550 (La.App. 1st Cir.1985).

**5.** *De La Vergne,* 479 So.2d at 550; *Haynie v. Haynie,* 452 So.2d 426 (La.App. 3rd Cir.1984).

**6.** A Notice of Removal filed more than one year after the commencement of the action is procedurally defective. The Fifth Circuit has held that the one year limitation of 1446(b) is not jurisdictional. It is modal and formal and may be waived. *Barnes v. Westinghouse,* 962 F.2d 513, 516 (5th Cir.1992). Even more recently, in *Hop-*

*kins,* the Fifth Circuit affirmed its previous holding that the word "procedural" in section 1447(c) refers to any defect that does not involve the inability of the federal district court to entertain the suit as a matter of its original jurisdiction. *Hopkins v. Dolphin Titan International, Inc.,* 976 F.2d 924, 926 (5th Cir.1992).

**7.** *Royer,* 741 F.Supp. at 1249.

**8.** See *Greer v. Skilcraft,* 704 F.Supp. 1570 (N.D.Ala.1989) wherein the en banc district court, applying Alabama law, found removal more than one year after the suit was filed was proper because there was no bona fide attempt to serve the defendant within the one year period.