**Alfreda O. HEDGES, et al.**

v.

**HEDGES GAUGING SERVICE, INC., et al.**

**Civ. A. No. 93–366–B.**

United States District Court, M.D. Louisiana.

Sept. 29, 1993.

Arthur Neal Bagwell, Arthur Neal Bagwell, Attorney at Law, White Castle, LA, Chester John Caskey, C. John Caskey, Attorney at Law, Baton Rouge, LA, for plaintiffs.

8.  Plaintiff's deposition at p. 18.

9.  Plaintiff's deposition at p. 19.

10.  Plaintiff's deposition at pp. 23–27, 32–34.

Peter F. Caviness, Dauzat, Falgoust, Caviness, Bienvenu & Stipe, Opelousas, LA, for defendant Pennsylvania Life Ins. Co.

## RULING ON PLAINTIFFS' MOTION TO REMAND

POLOZOLA, District Judge.

This matter is before the Court on plaintiffs' motion to remand. For the reasons which follow, plaintiffs' motion to remand is granted.

Plaintiffs originally filed this suit on January 22, 1992, in the Eighteenth Judicial District Court, Parish of Iberville, State of Louisiana. In their state court petition, plaintiffs sought damages for the death of Ernest Hedges, which occurred when he accidentally fell from a vessel into Bayou Pigeon. Named as defendants in this suit were Hedges Gauging Service, Inc. (the vessel owner and decedent's employer), its insurers; Pennsylvania Life Insurance Company,[1] and J.C. Penny Life Insurance Company (decedent's life insurers).[2]

On July 21, 1992, Hedges Gauging Service, Inc. filed a Limitation of Liability proceeding in this Court. After the limitation action was filed, this Court issued an order on July 24, 1992, which stayed the commencement or prosecution of any action against the defendants involving the death of Ernest Hedges, including the action instituted in the Eighteenth Judicial District Court. On March 19, 1993, this Court entered a consent order in the Limitation proceeding which modified the stay order to permit plaintiffs to prosecute to judgment their claim against Pennsylvania Life in state court.

When the case resumed in state court, plaintiffs filed a motion to sever their claims against Pennsylvania Life from the other defendants so that they could proceed to judgment against Pennsylvania Life. On April 19, 1993, the state court granted plaintiffs' motion to sever.

Pennsylvania Life then filed a notice of removal in this Court on May 3, 1993. In its notice of removal, Pennsylvania Life contends that this Court has subject matter jurisdiction over this action under 28 U.S.C. § 1332 because complete diversity existed between the parties and the amount in controversy exceeded $50,000.00.

Plaintiffs then filed a motion to remand this action to state court. Plaintiffs contend that removal of this diversity action by Pennsylvania Life was untimely under 28 U.S.C. § 1446(b) because the notice of removal was filed more than one year after commencement of the action in state court.

The defendant concedes that this action was removed more than one year after commencement of the action in state court. However, the defendant opposes plaintiffs' motion to remand. Defendant contends that because the state court proceedings were stayed for over six months, it was deprived of at least one-half of the one year period set forth in 28 U.S.C. § 1446(b) to remove the suit. Defendant requests this Court to make an exception to the one year rule set forth in 28 U.S.C. § 1446(b) and deny plaintiffs' motion to remand.

■ According to 28 U.S.C. § 1446(b), a case may not be removed on the basis of jurisdiction conferred under 28 U.S.C. § 1332 more than one year after commencement of the action in state court.[3] Therefore, regardless of when a diversity case becomes removable, the state court action cannot be removed to federal court more than one year after commencement of the action in state court.[4]

■ In Louisiana, an action is commenced in state court by the filing of a pleading presenting a demand to a court of competent jurisdiction.[5] Plaintiffs originally filed suit in state court on January 22, 1992. Defendant filed its notice of removal in this Court on May 3, 1993. Therefore, as defendant concedes, the notice of removal was filed more than one year from the date of commence-

---

1. Service of process on Pennsylvania Life was made on January 28, 1992.

2. At this time, complete diversity did not exist, precluding removal, because Hedges Gauging Service, Inc. is a Louisiana corporation.

3. 28 U.S.C. § 1446(b) (1993).

4. *Royer v. Harris Well Service, Inc.*, 741 F.Supp. 1247, 1248 (M.D.La.1990).

5. La.Code Civ.P. art. 421; *De La Vergne v. De La Vergne*, 479 So.2d 549, 550 (La.App. 1st Cir. 1985).

ment of the action in state court.[6] Accordingly, under 28 U.S.C. § 1446(b), defendant's removal was not timely filed.

Defendant urges this Court to make an exception to the one year time requirement because of the stay order issued by the Court. In recent decisions, this Court has recognized that the one year limitation may lend itself to abuses and inequities.[7] However, this Court believes it is for the Congress and not this Court to rewrite section 1446(b) to eliminate abuses or make the exception defendant now seeks.[8]

Therefore:

IT IS ORDERED that plaintiffs' motion to remand be and it is hereby GRANTED.

IT IS FURTHER ORDERED that this action be remanded to the Eighteenth Judicial District Court, Parish of Iberville, State of Louisiana.

Judgment shall be entered accordingly.

---

**6.** Although service of citation is not a condition precedent to the civil action's commencement, defendant was served on January 28, 1992, which is also more than one year from the date of removal. *De La Vergne,* 479 So.2d at 550.

**7.** *Royer,* 741 F.Supp. at 1249; *Alexis Martine v. National Tea Company,* No. 92–882, at 3 (M.D.La. Mar. 24, 1993).

