**Frederick Crocker BREESE
and Beth Jones Breese**

v.

**HADSON PETROLEUM (USA), INC.;
Fortenberry Drilling Company, Inc.;
and Apache Oil Company, Inc.**

Civil Action No. 95–365–B.

United States District Court,
M.D. Louisiana.

July 10, 1996.

Michael Lea Hyman, Bell, Faller & Cooper, Baton Rouge, LA, for Frederick Crocker Breese and Beth Jones Breese.

Terry T. Dunlevy, Jon Kenton Parsons, Brent J. Bourgeois, Roedel, Parsons, Hill & Koch, Baton Rouge, LA, for Fortenberry Drilling Co., Inc.

Bibbie Joseph Duplantis, Denis C. Swords, Samuel E. Masur, Gordon, Arata, McCollam & Duplantis, Lafayette, LA, for Apache Oil Co., Inc.

David Cothren, Natchez, MS, pro se.

Wood Brown, III, Montgomery, Barnett, Brown, Read, Hammond & Mintz, New Orleans, LA, David Anderson, Walter J. Andrews, Terri A. Ecklebarger, Frank Winston, Jr., Wiley, Rein & Fielding, Washington, DC, for United States Fidelity and Guaranty Co.

### RULING ON PLAINTIFFS' MOTION TO REMAND

POLOZOLA, District Judge.

This suit was filed on November 12, 1993, in the Twentieth Judicial District Court for the Parish of East Feliciana, Louisiana. The state court complaint was not served on the defendants until March 2, 1995, more than one year after the suit was filed. The defendants removed the case to this Court on

March 31, 1995, on the basis that this Court had subject matter jurisdiction pursuant to 28 U.S.C. § 1332. Thereafter, the plaintiffs timely filed a motion to remand which is now pending before the Court. The defendants have timely opposed the motion. It is without dispute that the jurisdictional requirements established by section 1332 were present at the time the state court suit was filed. For the reasons stated herein, the motion is denied.

## ANALYSIS

This motion forces the Court to revisit familiar ground[1] and to resolve a controversial issue that is important to the administration of justice in the federal and state court systems. The issue is whether a plaintiff may withhold service of a state court suit on a defendant for more than one year, and thereby preclude the defendant from removing the case to federal court. To resolve this issue, the court must interpret 28 U.S.C. § 1446(b), which reads in pertinent part:

> The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based. . . .

> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, *except that a case may not be removed on the basis of jurisdiction conferred by sec-*

*tion 1332 of this title more than 1 year after commencement of the action.*[2]

The Court must determine whether the one-year limitation set forth in section 1446(b) applies only to those state court cases that are not initially removable, or to all cases filed in state court, whether initially removable or not.

In Louisiana, a suit is commenced by the filing of a complaint.[3] Service on the defendant is not required for a suit to be considered commenced under the Louisiana Code of Civil Procedure. Furthermore, unlike Rule 4 of the Federal Rules of Civil Procedure, the Louisiana Code of Civil Procedure does not establish a time period within which the defendant must be served.[4] Thus, if the final clause of section 1446(b) is read to apply to both paragraphs of that section—i.e., to suits that are initially removable and to suits that are not—a plaintiff may prevent removal of a suit filed in a Louisiana court by simply withholding service for more than one year, even though the requirements of section 1332 are satisfied at the time the lawsuit is filed. On the other hand, if the final clause of section 1446(b) is read to apply only to the second paragraph, a plaintiff may not withhold service for more than one year and thereby prevent removal of a state court suit that meets the requirements of section 1332 at the time the suit was filed. In the latter situation, the defendant would have thirty days after service of the suit to remove the case, even though more than one year may have elapsed since the suit was commenced.

The plaintiffs urge the Court to follow its earlier decision in *Martine v. National Tea Co.*[5] In *Martine*, this Court stated that "re-

---

**1.** See *Martine v. National Tea Co.*, 841 F.Supp. 1421 (M.D.La.1993), *interlocutory appeal denied*, No. 93–193 (5th Cir. Feb. 25, 1994); *Hedges v. Hedges Gauging Serv., Inc.*, 837 F.Supp. 753 (M.D.La.1993); *Royer v. Harris Well Serv., Inc.*, 741 F.Supp. 1247 (M.D.La.1990).

**2.** Emphasis added.

**3.** La.Code Civ.Proc. art. 421 (West 1960). *See also Martine*, 841 F.Supp. at 1422; *de la Vergne v. de la Vergne*, 479 So.2d 549, 550 (La.App. 1st Cir.1985).

**4.** Rule 4 allows the plaintiff 120 days in which to serve the complaint upon the defendant. Although there is no corresponding requirement under Louisiana law, a lawsuit in a Louisiana court is considered abandoned if the plaintiff takes no steps in prosecuting the case for a period of five years. La.Code Civ.Proc. art. 561(A) (West Supp.1996).

**5.** 841 F.Supp. 1421 (M.D.La.1993), *interlocutory appeal denied*, No. 93–193 (5th Cir. Feb. 25, 1994).

gardless of when a diversity case becomes removable, the case cannot be removed to federal court more than one year after the commencement of the action in state court."[6] However, in *Martine,* the argument the Court is now considering was neither discussed by the Court nor raised by the parties. The main issue the Court was confronted with in *Martine* was whether a suit could be commenced within the meaning of section 1446(b) and Louisiana law when there had not been a bona fide good faith effort to serve the defendant. Thus, *Martine's* actual holding is limited to the facts of that case.

The defendants in the present case raise the argument not made in *Martine,* that the one-year limitation set forth in section 1446(b) only applies to the second paragraph of that section. The Court agrees with the defendants. It is clear the Congress intended to cover two separate and distinct types of state court cases that could be removed to federal court: those that are initially removable and those that are not. The only limitation set forth in the first paragraph, which pertains to suits that are initially removable, is the thirty-day time limit for removal after the suit has been served on the defendant. The one-year limitation at issue is set forth in the second paragraph of section 1446(b), which deals with cases that are not initially removable. The placement of the one-year limitation in the second paragraph of 1446(b) clearly indicates a Congressional intent to restrict the one-year limitation's applicability to those cases that are not initially removable. The brief legislative history accompanying the amendment to section 1446(b) supports the Court's ruling on this issue.[7]

The Court must take the language of the statute as enacted by the Congress. It is for the Congress and not this Court to amend the language or meaning of the statute. It seems to this Court that if the Congress had intended the one-year limitation to apply to all state court suits, whether initially removable or not, section 1446(b) would not have been divided into two paragraphs. Alternatively, the Congress could have placed the limitation within a separate paragraph or subsection.

In summary, the Court finds that the one-year limitation set forth in the final clause of the second paragraph of section 1446(b) does not apply to those diversity jurisdiction cases that are removable at the time the suit is filed. Since the present suit was removable at the time the suit was filed, and since the defendants removed the suit to federal court within thirty days after being served with the state court suit, removal was proper and timely.[8]

Therefore:

**IT IS ORDERED** that the plaintiffs' motion to remand be and it is hereby **DENIED.**

---

6. *Martine,* 841 F.Supp. at 1422.

7. The limitation was intended

as a means of reducing the opportunity for removal after substantial progress has been made in state court.... The [limitation] addresses problems that arise from a change of parties as an action progresses toward trial in state court.... Removal late in the proceed-

ings may result in substantial delay and disruption.
H.R.Rep. No. 889, 100th Cong., 2d Sess. 72–73, *reprinted in* 1988 U.S.C.C.A.N. 5982, 6032–33.

8. *See Brierly v. Alusuisse Flexible Packaging, Inc.,* 913 F.Supp. 517 (E.D.Ky.1996); *Zogbi v. Federated Dep't Store,* 767 F.Supp. 1037 (C.D.Cal.1991). *See generally* Gordon D. Polozola, Note, *The Battle of Removal,* 54 La.L.Rev. 1419 (1994).