### R. Boatner HOWELL

### v.

### ST. PAUL FIRE AND MARINE INSURANCE COMPANY and New England Insurance Company.

### Civil Action No. 96–3444–B.

### United States District Court, M.D. Louisiana.

### Feb. 13, 1997.

John S. Campbell, Jr., Tom Fore Phillips, Tamara Dunnaway Simien, Robert W. Barton, Taylor, Porter, Brooks & Phillips, Baton Rouge, LA, David John Messina, Taylor, Porter, Brooks & Phillips, New Orleans, LA,

---

24. *Berry,* 488 So.2d at 938.

George L. Claver, III, Baton Rouge, LA, for R. Boatner Howell.

Mishthi Grace Ratnesar, Campbell, McCranie, Sistrunk, Anzelmo & Hardy, Metairie, LA, Harvey C. Koch, Jr., Ronald Lee Riggle, Koch & Rouse, New Orleans, LA, for St. Paul Fire and Marine Ins. Co.

John Villars Baus, Jr., David S. Daly, Jennifer Carter deBlanc, Hammett & Baus, New Orleans, LA, for New England Insurance Company.

## RULING ON PLAINTIFF'S MOTION TO REMAND

POLOZOLA, District Judge.

The issue presented in this motion to remand requires the Court to again determine the meaning and intent of 28 U.S.C. § 1446(b). Specifically, the Court must determine whether the one year limitation on removing diversity cases to federal court precludes the defendants from removing this suit to federal court. For reasons which follow, the Court finds that the one year limitation in section 1446(b) bars the removal of this suit. Thus, the plaintiff's motion to remand is granted.

## FACTUAL & PROCEDURAL BACKGROUND

The plaintiff, R. BOATNER Howell, originally filed suit against St. Paul Fire and Marine (hereinafter "St. Paul") on [December] 22, 1993 in the Nineteenth Judicial District Court for the Parish of East Baton Rouge, State of Louisiana.[1] On July 29, 1996, approximately two and one-half years after the original suit was filed, the plaintiff filed a first amended petition that added an additional claim against St. Paul and named New England Insurance Company (hereinafter "New England") as an additional defendant in this case. According to St. Paul's memorandum opposing remand, this additional claim seeks $250,000.

On September 3, 1996, New England and St. Paul removed the suit to this Court. The plaintiff filed a timely motion to remand on September 27, 1996. The plaintiff contends that defendants' notice of removal was untimely under 28 U.S.C. § 1446(b).

## ANALYSIS

■ To resolve this very important issue of law, the Court must interpret the meaning of 28 U.S.C. § 1446(b), which reads in pertinent part:

> The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based....

> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, *except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action.*[2]

The plaintiff relies on the last sentence of the second paragraph of section 1446(b) to support his argument that defendants' removal of this suit more than one year after the suit was filed is not timely.

This Court has addressed the issue of timely removal pursuant to section 1446(b) on two occasions. In *Martine v. National Tea Co.*,[3] the Court had to determine whether the one year limitation set forth in section 1446(b) applied where there was no bona fide good faith attempt to serve the defendant until after the one year period had expired. The Court granted the plaintiff's motion to remand concluding that "regardless of when a diversity case becomes removable, the case cannot be removed to federal court more

---

1. The amount in question of the original suit apparently did not exceed $50,000.

2. *Emphasis added.*

3. 841 F.Supp. 1421 (M.D.La.1993), interlocutory appeal denied, No. 93–193 (5th Cir.1994).

than one year after the commencement of the action in state court." [4]

This Court limited *Martine* to its facts [5] in *Breese v. Hadson Petroleum (USA), Inc.* [6] In *Breese*, this Court was faced with the issue of whether the one year limitation set forth in section 1446(b) applied only to those state court cases that were not initially removable, or to all cases filed in state court, whether initially removable or not. In *Breese*, the state court complaint was not served on the defendants until more than a year after the suit was filed. The defendants removed the suit within thirty days of service, but the removal was filed more than one year after the state court suit had been filed. The plaintiffs argued that the removal was not timely. In *Breese*, this Court held that the one-year limitation set forth in the final clause of the second paragraph of section 1446(b) did not apply to those diversity jurisdiction cases that were removable at the time the suit was filed. This Court found the one year limitation applied only to those cases that were not initially removable at the time the suit was filed.

In *Breese*, it was clear that the suit was removable at the time it was originally filed. Because the defendants removed the suit to federal court within thirty days after being served with the state court suit, the Court held the removal was proper and timely. A careful review of the facts of the case now before the Court reveals that *Breese* does not apply under the facts of this case.

When Howell initially filed suit against St. Paul in 1993, the case was not removable because the jurisdictional amount required by 28 U.S.C. § 1332 was not satisfied. In 1996, more than one year after the original suit was filed, the plaintiff filed an amended complaint which increased the amount in controversy to $250,000 and added New England as a defendant in this case. Thus, after the suit had been pending in state court for approximately two and one-half years, the requisite requirements of 28 U.S.C. § 1332 were satisfied.

*Breese* and *Martine* indicate that this Court has been consistent in ruling that the one year limitation set forth in the second paragraph of section 1446(b) applies to cases that are not initially removable at the time the suit was filed. This is exact scenario in the instant case.

Defendants argue that their notice of removal is timely even though it was filed well over a year after plaintiff filed its initial suit against St. Paul. Specifically, St. Paul argues that it should be allowed to remove this suit to federal court because this new claim is solely independent of the claim that was initially filed against it in 1993. New England contends that this suit was not commenced against it within the meaning of section 1446(b) until June 29, 1996, when it was named as a defendant. Thus, New England argues that it timely removed the suit to federal court and the one year limitation set forth in section 1446(b) does not bar removal of this suit.

Defendants' arguments conflict with the clear language and Congressional intent of section 1446(b). To grant the relief sought by the defendants would cause this Court to disregard the unambiguous expression of Congressional intent when it enacted section 1446(b). The relief the defendants seek can only be obtained through Congressional action and not from court decisions. Even though the final result of the Court's decision in this case may be harsh or even unfair, the Court must enforce section 1446(b) as enacted by the Congress.

Congress could have specified that the one year limitation begins when an action is commenced against a new defendant. In addition, Congress could have included language that would toll the time limitation separately for each claim or each defendant. But Congress did not.

---

**4.** *Martine*, 841 F.Supp. at 1422.

**5.** In *Breese v. Hadson Petroleum, Inc.*, this Court addressed issues that were neither discussed by the Court nor raised by the parties in *Martine*. The defendants in Breese argued that the one year limitation set forth in section 1446(b) only applied to the second paragraph of that section. The Court agreed with the defendants.

**6.** 947 F.Supp. 242 (M.D.La.1996).

Congress has set forth the guidelines which the Court must follow in determining whether a suit based on diversity jurisdiction can be properly removed to federal court. Where the case is initially removable at the time the action is commenced, the defendants can remove the suit to federal court provided the notice of removal is filed within thirty days after the defendants receive the complaint by service or otherwise. The one year limitation does not apply in such a case.

■ Congress specifically put an overall time limit when a party seeks to remove an action pursuant to 28 U.S.C. § 1332. A case that is not initially removable may not be removed on the basis of diversity jurisdiction more than one year after commencement of the action.[7] An action is commenced in Louisiana by the filing of a pleading presenting a demand to a court of competent jurisdiction.[8] In cases not initially removable, the one year limitation applies even if new defendants are added or new claims are asserted.

■ The defendants have attempted to separate the claims filed initially against St. Paul from the claims asserted against both defendants in the first amended complaint. Such a distinction is not made in section 1446(b). Even assuming for purposes of this discussion that the amended complaint may have added a separate claim, Congress has made no such distinctions or exceptions in section 1446(b) for such a claim insofar as the one year limitation is concerned. There are only two classifications made in section 1446(b)—suits initially removable and those which are not. To determine whether the one year time limit applies, you must first determine whether the suit was initially removable. If the suit is initially removable, the one year limitation does not apply. However, the thirty-day period to remove from receipt of the complaint by service or otherwise does apply in such a case. If the suit is not initially removable, then both the one year limitation and the thirty-day period to remove apply. The one year limitation runs from the date the suit is commenced, which in Louisiana is the date the suit was filed. The thirty-day period runs from the date the defendant receives the complaint by service or otherwise.

Since the amended complaint in this case was filed more than one year after the suit was commenced, this suit was not initially removable. Thus, the one year limitation bars removal in this case. Therefore, this suit must be remanded to the Nineteenth Judicial District Court for the Parish of East Baton Rouge, State of Louisiana.

Therefore:

IT IS ORDERED that plaintiff's Motion to Remand be and is hereby GRANTED.

Judgment shall be entered remanding this suit to the Nineteenth Judicial District Court, Parish of East Baton Rouge, State of Louisiana.

---

7. *See generally* Breese v. Hadson Petroleum (USA), Inc. *See also* 28 U.S.C. § 1332.

8. *Martine,* 841 F.Supp. at 1422 (citing *Royer v. Harris Well Service, Inc.,* 741 F.Supp. 1247, 1248 (M.D.La.1990)). *See also* La.Code Civ.P. art 421 (1996).