Anthony MORRISON, Plaintiff,

v.

**NATIONAL BENEFIT LIFE INSURANCE COMPANY, Defendant.**

Charles G. BLACKWELL, Plaintiff,

v.

**NATIONAL BENEFIT LIFE INSURANCE COMPANY, Defendant.**

Civ. A. Nos. 3:95–CV–245BN, 3:95–CV–246WS.

United States District Court, S.D. Mississippi, Jackson Division.

June 30, 1995.

Eugene Coursey Tullos, Tullos, Tullos & Tullos, Raleigh, MS, James M. Brown, James M. Brown, Atty., Laurel, MS, for plaintiff Anthony Morrison.

Michael T. Jaques, Bryant, Clark, Dukes, Blakeslee, Ramsay & Hammond, Hattiesburg, MS, for defendant National Benefit Ass'n, Inc.

Eugene Coursey Tullos, Tullos, Tullos & Tullos, Raleigh, MS, for plaintiff Charles G. Blackwell.

## OPINION AND ORDER

BARBOUR, Chief Judge.

The Court has before it a Motion to Remand in the case of *Morrison v. National Benefit Life Ins. Co.*, Number 3:95–CV–245BN, and a Motion to Consolidate *Morrison* with *Blackwell v. National Benefit Life Ins. Co.*, Number 3:95–CV–246WS, pending before Judge Wingate. There is also a Motion to Remand pending in the *Blackwell* case. *Blackwell* has been reassigned to this Judge for consideration of the Motions to Remand, which present identical issues of law. The Court, having considered the motions, responses and supporting memoranda, finds the Motions to Remand are not well taken and should therefore be denied. Having denied the Motions to Remand, the Court also considers the Motion to Consolidate the two cases well taken, and should therefore be granted.

### I. *Background*

These actions were removed from the Circuit Court of Smith County, Mississippi. They were originally filed by the same attorneys, based upon identical certificates of coverage under one group insurance policy issued by National Benefit Life Insurance Company ("National") to one individual, Mr. Tommy Morrison. In the original Complaints, filed April 19, 1994, Plaintiffs included the following introductory paragraph:

1. Notwithstanding anything in this Complaint which might in any way be construed to the contrary, the total amount demanded herein by plaintiff from the defendant, exclusive of interest and costs, does not exceed Forty Nine Thousand U.S. dollars ($49,000.00). All together, even if aggregated with those in any other case(s) before this court with which this case could be consolidated, the claims and demands made in this case and the other case(s), added together, would not exceed the total sum of Forty Nine Thousand U.S. dollars ($49,000.00). If any statements hereafter in this Complaint or elsewhere are inconsistent with the foregoing, all such statements are hereby withdrawn and deleted, and the amount demanded is limited to the sum of Forty Nine Thousand U.S. dollars ($49,000.00).

Morrison & Blackwell Complaints at 1. In response to an Interrogatory by National questioning the precise damages sought by Morrison and Blackwell, Plaintiffs responded "that the answer to this question is found in the Complaint, to which you are referred." Pls.' Responses to Discovery Requests at 11.

Notwithstanding Plaintiffs' unequivocal denials in their Complaints and in discovery that their damages exceeded the jurisdictional amount required for federal diversity jurisdiction, on April 27, 1995, one year and seven days after the Complaints were filed, Plaintiffs filed in each action in the Circuit Court of Smith County Motions for Leave to Amend Complaints. Plaintiffs sought to increase the amount of their demands from $49,000 to $2,000,000. National states that there can be no good faith basis for the amendments, since Plaintiffs have neither received discovery responses from National, nor taken depositions in either action. Plaintiffs make a straight-forward admission of forum manipulation as follows:

In the case at bar, by initially demanding only $49,000.00 in the original complaint, and waiting until after a year had run to request an increase of that demand, plain-

tiff did no more than avail himself of his statutory rights, which he was entitled under the law to do.

Pl.'s Mem. in Supp.Mot. to Remand at 4.

Before the Circuit Judge could rule on Plaintiffs' Motions to Amend, National filed its petition for removal on May 5, 1995, stating that federal diversity jurisdiction now exists in each case, as the amount in controversy exceeds $50,000. National maintains that removal is timely under 28 U.S.C. § 1446(b), because the petition was filed within one year of service of the original complaints, which National received May 6 and May 9, 1994. In the alternative, National argues that the one year time limit should not be enforced against them because of the obvious forum manipulation of the Plaintiffs, or because Plaintiffs should be equitably estopped from asserting the one year limitation. Finally, they argue that if the liberal amendment rules allowed by the Mississippi legal system allow a Plaintiff "to deprive a defendant of the opportunity to remove, constitutional issues are implicated." Def.'s Mem.Br. at 18. They conclude that this Court should construe § 1446(b) to avoid a "constitutional clash" by allowing the removal outside the one year limitation.[1]

Plaintiffs respond that the removal petition is untimely because § 1446(b) requires that removal be effected no more than one year following the commencement of the action in state court. They argue that "commencement" is measured from the date of the filing of the original action. In the alternative, they argue that even if the Court rules that commencement begins at date of service, Plaintiffs served Defendant's agent for process on May 2, 1994, more than one year before National filed its petition for removal. Plaintiffs do not directly respond to Defendant's equitable and constitutional arguments.

National also argues that consolidation of the two cases is appropriate, since they present identical issues of law and nearly identi-

---

**1.** The Court summarily rejects the constitutional deprivation claim as premature. Had National wished to pursue such a legal avenue, it should have allowed the State court to rule on Plaintiffs' Motion to Amend. Given the current posture of the case, this Court will not speculate on how the State court would have ruled on Plaintiffs' attempted amendment, and therefore finds that no deprivation of Defendant's rights, under the Mississippi Rules of Civil Procedure, has occurred.

cal issues of fact. Plaintiffs oppose consolidation, stating that they do not know if the insurance policies at issue are identical, and that the legal and factual issues presented therefore may differ in the two cases. They also make the conclusory argument that "even if the liability proves to be similar ..., the damages in these cases do not arise from a common nucleus of operative fact, and the plaintiffs in each of these cases would be severely prejudiced by having the two cases joined together." Pl.'s Resp. to Mot. for Consolidation at 2. Finally, Plaintiffs urge the Court to reserve any decision on the consolidation issue until after it decides the Motion to Remand.

## II. *Discussion*

### A. Motions to Remand

■ The Court may remand a case only for the reasons stated in 28 U.S.C. § 1447(c), procedural defects or lack of subject matter jurisdiction. In this case, Plaintiffs seem to claim that the failure by National to remove within one year is a jurisdictional defect, though they do not focus on the "procedural" versus "jurisdictional" distinction in the substantive portions of their briefs. Late in their briefs, Plaintiffs do raise the jurisdictional issue indirectly, arguing "parenthetically" that no diversity jurisdiction exists in this case because the amount in controversy is less than $50,000. Plaintiffs write:

> [I]t should be noted that plaintiff has not increased his ad damnum in this case. He had only asked the court for leave to do so, by filing a motion to amend, on April 28, 1995 (which was also more than a year following the filing of the complaint). The motion to amend had been scheduled for hearing ... before it was abruptly removed by defendant, and Judge Evans is now precluded from ruling because of the removal.... So even putting the one year rule aside, the most we would have here is a case that potentially *may* or *might* fit into the statutory limits of this court's jurisdiction.

Pl.'s Mem. in Supp. of Mot. to Remand at 5. This argument by Plaintiffs is specious. Whether or not the lower court has approved Plaintiffs' Motions to Amend, the Motions certainly constitute "other paper from which it may first be ascertained that the case is one which is or has become removable...." 28 U.S.C. § 1446(b). The Court therefore only gives critical consideration to Plaintiffs' first argument, that removal was untimely, and that that untimeliness preempts federal jurisdiction over the cases. The questions for this Court are therefore twofold. First, was this action commenced when Plaintiffs filed their action, when the Defendant's agent received service of process, or when the Defendant itself was notified of the service of process? Second, if Defendant's removal petition was untimely filed, is failure to comply with the one year removal provision in section 1446(b) an absolute bar to removal (i.e., is the one year limitation truly jurisdictional, or is it procedural and therefore subject to equitable considerations), even where the failure to comply is a result of blatant forum manipulation by the Plaintiff?

### 1. Commencement of an Action

■ Under Mississippi procedural law, the law which governed the genesis of these actions in the Circuit Court of Smith County, "A civil action is commenced by *filing* a complaint with the court." Miss.R.Civ.P. 3(a) (emphasis added). The rule is the same for commencement of an action in federal court. *See* Fed.R.Civ.P. 3. The Court therefore finds that Defendant's removal of these actions was untimely pursuant to section 1446(b), since it filed its petitions for removal on May 5, 1995, more than one year after the cases were filed on April 19, 1994. The Court therefore need not decide whether service of process was effected when Plaintiffs served Defendant's agent for service of process, or when National learned of such service several days later. National removed the case more than one year from the commencement of the actions, and removal was therefore untimely under section 1446(b).[2]

2. National, also urges this Court to adopt the reasoning of the court in *Greer v. Skilcraft,* 704 F.Supp. 1570 (N.D.Ala.1989). According to National, *Greer* stands for the proposition "that to

prevent the inequitable result, the court may consider the date of service as the date of 'commencement' of the action for purposes of applying the one-year limitation." Def.'s Mem. Br. at

## 2. Is the One Year Provision Jurisdictional or Procedural?

█ In the alternative to its argument that removal was timely, National argues that the one year provision should not apply to these cases, since Plaintiffs "engaged in impermissible forum manipulation." Def.'s Resp. to Pl.'s Mot. to Remand at 4. The Court agrees that Plaintiffs' actions in these cases were so deceitful as to amount nearly to a fraud on the State Court. Counsel for Plaintiffs have made clear that they never intended to seek the damages they pled in their complaints, nor to be bound by their answers to interrogatories, despite their signatures certifying that good grounds existed to support those answers. *See* Miss.R.Civ.P. 11(a). Notwithstanding the conduct of Plaintiffs' counsel, if the one year limitation found in section 1446(b) is jurisdictional rather than procedural, failure to comply with the time limit would preclude proper removal of these cases. The Court concludes, however, that the failure to comply with the time limit is not a jurisdictional bar.

The United States Court of Appeals for the Fifth Circuit, in *Barnes v. Westinghouse Electric Corporation,* 962 F.2d 513, 516 (5th Cir.1992) stated that the one year limit expressed in section 1446(b) is not jurisdictional, but "is merely modal and formal and may be waived." *Barnes,* 962 F.2d at 516. In that case the court wrote, "Because Barnes did not move for rehearing on his motion to remand based on a procedural defect [as opposed to a jurisdictional defect] until approximately twenty months after Westinghouse's removal, we find that he waived his opportunity to call this procedural defect to the district court's attention." *Id.*

Plaintiff argues that this Court should embrace the conclusion of the District Court for the Middle District of Louisiana, wherein the court wrote, "While the 30 day removal provision contained in § 1446(b) is not jurisdictional and can be waived where the plaintiff fails to object to removal, the one year provision in 28 U.S.C. § 1446(b) is jurisdictional and must be noticed by the court sua sponte." *Molden v. Firestone Tire & Rubber Co.,* 754 F.Supp. 521, 523 (M.D.La.1990). The Court in that case relied on cases from outside this Circuit, and ruled on this difficult question without the benefit of the guidance later provided by the Fifth Circuit in *Barnes.* Another District Court for the Middle District of Louisiana has since followed the jurisdictional pronouncement found in *Barnes:*

A notice of Removal filed more than one year after the commencement of the action is procedurally defective. The Fifth Circuit has held that the one year limitation of section 1446(b) is not jurisdictional. It is modal and formal and may be waived. *Barnes v. Westinghouse,* 962 F.2d 513, 516 (5th Cir.1992). Even more recently, in *Hopkins,* the Fifth Circuit affirmed its previous holding that the word "procedural" in section 1447(c) refers to any defect that does not involve the inability of the federal district court to entertain the suit as a matter of its original jurisdiction. *Hopkins v. Dolphin Titan International, Inc.,* 976 F.2d 924, 926 (5th Cir.1992).

*Martine v. National Tea Co.,* 841 F.Supp. 1421, 1422 (M.D.La.1993).[3] Though some circuit courts of appeal reject the Fifth Cir-

---

6. The Court has reviewed the *Greer* case and finds that the decision is contrary to the weight of authority on the question of the effect of the one year limitation. The Court cannot, under Mississippi and federal definitions of "commencement" of a suit, hold that commencement is delayed until the actual service of process, particularly where, as in this case, there is no allegation that service of process was delayed as part of Plaintiff's effort to manipulate the forum.

3. In *Martine,* wherein the plaintiff intentionally withheld service until the one year period for removal had run, the court wrote, "This Court recognizes that the one year limitation upon removal lends itself to abuses and inequities....

However, it is for the Congress and not this Court to rewrite the provisions of section 1446(b) to curb such abuses." *Martine,* 841 F.Supp. at 1422 (citing *Royer v. Harris Well Service Inc.,* 741 F.Supp. 1247, 1249 (M.D.La.1990)). Plaintiffs cite this case, with considerable audacity, in support of their argument that, whatever their conduct in avoiding removal, this Court should take a "hands off" approach, and remand the two cases. Though the Court agrees with the *Martine* analysis of the procedural effect of the one year limitation, it does not agree, under the facts of the case at bar, that equitable considerations should not apply to prohibit the flagrant forum manipulation committed by the Plaintiffs.

cuit interpretation of the nature of section 1446(b) time limits (see *Rashid v. Schenck Construction Co.,* 843 F.Supp. 1081, 1086–88 (S.D.W.Va.1993), discussing the split in the circuits), this Court is bound by the *Barnes* decision to view the one year limitation as procedural, not jurisdictional.

### 3. Equitable Estoppel in Cases of Bad Faith Forum Manipulation

█ Relying on the Fifth Circuit holding that the time limits contained in section 1446(b) are not jurisdictional, National urges this Court to apply equitable considerations to estop the Plaintiffs from arguing that the one year limitation is an absolute bar to untimely removal. Noting that courts continuously emphasize that bad faith forum manipulation is not to be tolerated, National contends that equitable estoppel should prohibit Plaintiffs "from complaining of 'untimely' removal, when the delay was occasioned solely through plaintiffs' deceptive practices." Def.'s Mem.Br. at 14.

In Mississippi, the elements of equitable estoppel are

> conduct and acts, language or silence, amounting to a misrepresentation or concealment of material facts with knowledge or imputed knowledge of such facts, with the intent that the representation be relied upon, with the other party's ignorance of the true facts, and reliance to his damage upon the representation or silence.

*Chapman v. Chapman,* 473 So.2d 467, 469–70 (Miss.1985). The Court finds that all the elements of equitable estoppel are present in this case. Through initial pleadings and discovery responses, each Plaintiff concealed the material fact that he intended to seek $1,951,000 more in damages than he revealed in his original complaint. Defendant was obviously ignorant of the actual damages sought, since its only source of information on this point was Plaintiffs' averments. Plaintiffs' intent in this case is equally clear, from their elaborate denial of the jurisdictional amount in controversy in their original complaints, continued denial during discovery, and abrupt about-face after the running of the one year statutory limitation. Plaintiffs have offered no good faith reason for

their change in the amount of damages sought. Finally, the element of reliance to the detriment of National is also clearly present. National, a foreign corporation, had a statutory right to removal, which right was denied, because of the misrepresentations of the Plaintiffs in this case during the period when forthright pleading of damage amounts by Plaintiffs would have allowed removal of the case.

In spite of both parties' frequent citation to Fifth Circuit cases, this Court finds from its review that the Fifth Circuit has not addressed directly the waiver of the one year time limit of section 1446(b) in a case where Plaintiffs engage in an obvious attempt to manipulate statutory rules for determining federal jurisdiction. In *Martine,* the court refused to apply equitable considerations even where it saw possible abuse of the time limit, but the court encouraged Fifth Circuit review, writing, "Considering the very close issue involved as to whether there could be a timely removal under the facts of this case, the Court is willing to certify this issue to the Fifth Circuit ... if the parties wish to pursue an appeal." *Martine,* 841 F.Supp. at 1422. So far as this Court can determine, however, the Fifth Circuit has not spoken directly on the issue.

Nevertheless, the Fifth Circuit has made clear that the district courts have some power to control impermissible forum manipulation, where the defendant's failure to get into federal court is a procedural problem caused by the acts of the plaintiff. In *Brown v. Demco, Inc.,* 792 F.2d 478 (5th Cir.1986), the court reversed a refusal by the district court to remand an action where a late-added defendant attempted an out-of-time removal. However, in enforcing the thirty day period set forth in section 1446(b), the court recognized the ability of equitable considerations to override the statutory time limitations.

> In the absence of waiver of the time limit by the plaintiff, *or some equitable reason why that limit should not be applied,* however, a defendant who does not timely assert the right to remove loses that right.
> . . . .
> We establish no inexorable time limit. Exceptional circumstances might permit

removal even when a later-joined defendant petitions more than precisely thirty days after the first defendant is served. No such circumstance is present here. The evidence does not establish that Brown was aware that FMC/WECO was a proper defendant within the thirty day time limit but delayed naming it as a defendant in a bad faith effort to prevent removal.

*Brown,* 792 F.2d at 481–82 (emphasis added). Although this decision was handed down before the 1988 amendment to section 1446(b) in which Congress added the one year limitation for filing of a removal petition, the *Barnes* ruling that both time limitations contained in section 1446 are procedural rather than jurisdictional makes the rationale of the court in *Brown* applicable to the case at bar.

More recently, in *Unida v. Levi Strauss and Company,* 986 F.2d 970 (5th Cir.1993), a plaintiff sued in Texas state court, alleging violations of both state and federal law, and the defendant timely removed the action. Hoping to have the action remanded, Plaintiff attempted to dismiss the federal claims, but the district court effectively denied the motion to dismiss, and refused to remand the case. The Fifth Circuit found the refusal to dismiss the federal claims proper, and emphasized that even if those claims had been dismissed, the district court would have been within its discretion to refuse to remand the action, to prevent forum manipulation. The court wrote:

> [E]ven if the district court had erred in refusing to dismiss the Plaintiffs' federal claims, the district court would not have abused its discretion in refusing to remand the case to state court.... Under *Pope v. MCI Telecommunications Corp.,* 937 F.2d 258, 262–63 (5th Cir.1991), *cert. denied,* 504 U.S. 916, 112 S.Ct. 1956, 118 L.Ed.2d 558 (1992), the district court would have been well within its discretion to deny the Plaintiffs' motion to remand. Indeed, the district court would have likely erred in remanding the case to state court solely on principles of "federalism and comity." ...

Finally, it appears that the Plaintiffs' motion to dismiss and remand was an attempt to manipulate the forum in which their case was to be heard. In *Brown* ..., this court stated:

> [C]ourts should consider whether the plaintiff has attempted to manipulate the forum in which his case will be heard simply by deleting all federal-law claims from the complaint and requesting that the district court remand the case, and should guard against such manipulation by denying motions to remand where appropriate.

(internal quotations omitted). Under *Brown,* the district court could have properly denied the Plaintiffs' motion to remand as representing an attempt to manipulate the forum.

*Unida,* 986 F.2d at 975. The Court finds that the cases at bar cry out for a denial of Plaintiffs' Motions to Remand, because of their obvious attempt to manipulate the forum.

### B. Motion to Consolidate

■ Having denied Plaintiffs' Motions to Remand, the Court now turns to the Motion to Consolidate the two cases. The Court finds that the cases involve common questions of law and fact, and that interests of judicial efficiency and consistency of opinions would be served by consolidation of the two cases. Because this judge was initially assigned the case with the lower case number (the *Morrison* case), pursuant to Uniform Local Rule 5, the *Blackwell* case should be assigned to this Court. The Court, however, makes no ruling at this time on whether damages sought by the Plaintiffs in the two cases should be aggregated.

IT IS THEREFORE ORDERED that the Motions to Remand of the Plaintiffs in *Morrison v. National Benefit Life Insurance Co.,* and *Blackwell v. National Benefit Life Insurance Co.,* are hereby denied.

IT IS FURTHER ORDERED that the Motion to Consolidate of Defendant National Benefit Life Insurance Co. is hereby granted.

This Court notes that the Motions to Amend will now be pending in this Court and that the parties will have to comply with the requirements of the Uniform Local Rules

regarding briefing and responses. Plaintiffs are therefore given until July 14, 1995, to present the Court with a brief in support of their Motion to Amend. Thereafter, both parties shall comply with the Local Rules for Defendant's response and Plaintiffs' rebuttal, if any.

SO ORDERED.