**The GREEN POINT SAVINGS BANK, Plaintiff,**

v.

**Bertha HIDALGO, et al., Defendants.**

No. 94 CV 4132 (SJ).

United States District Court, E.D. New York.

Dec. 18, 1995.

**90**

Cullen and Dykman, Brooklyn, New York by Frank Laurenso, for Plaintiff.

Bertha Hidalgo, Kissimmee, Florida, Defendant Pro Se.

*MEMORANDUM AND ORDER*

JOHNSON, District Judge:

## INTRODUCTION

Plaintiff, Greenpoint Savings Bank, brings the instant motion to remand this action to state court pursuant to 28 U.S.C. § 1447(c) due to improper removal of the case to this Court. Plaintiff claims that (1) the petition for removal was not filed within thirty days after receipt by Defendant of a copy of the initial pleading; and (2) the petition for removal on the basis of diversity of citizenship was filed more than one year after commencement of the action. For the reasons stated herein, Plaintiff's motion is granted.

## BACKGROUND

Defendant, Bertha Hidalgo, is a Florida resident. On September 25, 1987 Defendant borrowed $55,000 from Plaintiff for a mortgage on property that she purchased at 2900 Ocean Avenue in Brooklyn, New York. Pursuant to the mortgage agreement, the principal, interest of 12%, and mortgagor deposits became due on June 1, 1990 and every month thereafter up to and including October 1, 1990. Defendant defaulted on her loan and failed to comply with its terms.

On November 15, 1990, Defendant filed a Chapter 11 bankruptcy petition in the United States Bankruptcy Court for the Southern District of Florida. In the same month,

Plaintiff filed an action to foreclose on Defendant's property in the Supreme Court for the State of New York, Kings County. The petition was filed against Defendants Hidalgo; GAZDO Properties Corporation, the certified owner of the premises; the New York City Finance Administration; the New York State Department of Taxation; and "John Doe 1" to "John Doe X," all persons with a real interest in the property at issue. Plaintiff brought suit for $53,440.98 in principal and late charges calculated at a default rate of 17%. In addition to the loan repayment, Plaintiff sought recovery for reasonable attorney's fees. Plaintiff subsequently withdrew this foreclosure action.

The Florida bankruptcy case was dismissed with prejudice to the filing of a petition under any chapter of the Bankruptcy Code on June 9, 1992. On August 14, 1992, Defendant filed another bankruptcy petition in the Bankruptcy Court of the Central District of California.

On or about November 23, 1992, Plaintiff commenced a foreclosure action in the Supreme Court of the State of New York, County of Kings, by personal service of a summons and complaint on Defendant. Defendant has not filed an answer to this complaint.

On or about March 4, 1993, Defendant's California bankruptcy petition was dismissed and the automatic stay was annulled as of the petition date.[1]

On August 17, 1994, almost two years after Plaintiff commenced this foreclosure action, Defendant *pro se* filed a petition for removal pursuant to 28 U.S.C. § 1441. Her petition was based on this Court's subject matter jurisdiction over parties with diverse citizenship, 28 U.S.C. § 1332(a)(1). Defendant also claimed that Plaintiff: (1) sought usurious interest in its complaint in violation of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961 *et seq.;* (2) unreasonably filed multiple proceedings against her in violation of 28 U.S.C. § 1927; and (3) violated her civil rights in connection with the improper and illegal pursuit of the

---

**1.** Defendant also filed a bankruptcy petition in Lima, Peru, and had an involuntary Chapter 11 petition filed against her in the Middle District of Florida, Orlando. By Order dated May 26, 1994, this Orlando bankruptcy petition was dismissed for lack of prosecution.

foreclosure action. In her removal petition, Defendant seeks an order pursuant to 28 U.S.C. § 1651(a) enjoining Plaintiff from the filing of further claims against her. Finally, Defendant claims that this Court has original jurisdiction over this matter under 28 U.S.C. §§ 1334 and 1452 because of its relationship to Defendant's prior bankruptcy actions.

Plaintiff now moves for remand of the instant case to the Supreme Court of the State of New York in Queens County.

## DISCUSSION

■ Section 1446(b) of the United States Code, Title 28, as amended by the Judicial Improvements and Access to Justice Act, Pub.L. No. 100–702, 102 Stat. 4642, provides in relevant part:

> (b) The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading ... or within thirty days after the service of summons upon the defendant ...

> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action.

Thus, § 1446(b) imposes a one-year outer limit on the removal of an action, measured from the action's commencement in state court, if the purported basis for removal is the diversity of citizenship of the parties.

■ In the instant case, Defendant filed a notice of removal on August 14, 1994, approximately twenty-one months after receipt of Plaintiff's initial pleadings in the November

1992 foreclosure action in state court. The only possible basis for removal of the foreclosure action is diversity of citizenship, since Plaintiff is a New York corporation, Defendant is a Florida resident, and the amount in controversy exceeds $50,000 exclusive of interest and costs. Because Defendant's removal of the foreclosure action violated the thirty-day rule under § 1446(b), it was defective. To the extent that the foreclosure action, as originally filed in state court was not removable, but that it became so because of some event occurring afterwards, Defendant's removal is still defective under § 1446(b).[2]

Section 1447(c) of Title 28 provides, however, that a motion to remand a case on the basis of a defect in removal procedure must be made within thirty days after the filing of the notice of removal. 28 U.S.C. § 1447(c). Plaintiff in the instant action filed its motion to remand on January 30, 1995, several months after Defendant filed a notice of removal in this Court. The inquiry, therefore, is whether the defect in removal procedure is waivable or whether such defect is jurisdictional in nature. Since this issue has not been addressed by the Second Circuit or the Supreme Court, this Court refers to courts in other circuits for guidance. The case law addressing the issue has produced a split of authority.

In *Barnes v. Westinghouse Elec. Corp.*, 962 F.2d 513, *cert. denied*, 506 U.S. 999, 113 S.Ct. 600, 121 L.Ed.2d 536 (1992), the Fifth Circuit held that the language of sections 1446(b) and 1447(c) indicates that they are procedural, not jurisdictional, provisions. *Id.* at 516. As such, the court held that a diversity case removed in violation of the one-year period may be retained in federal court if the plaintiff does not move to remand within the § 1447(c) thirty-day period. *Id.; See also Gray v. Moore Business Forms*, 711 F.Supp. 543 (N.D.Cal.1989) (holding that the one-year period of 28 U.S.C. § 1446(b) is procedural).

The Sixth Circuit, however, held to the contrary in *Brock v. Syntex Laboratories,*

---

2. Plaintiff's two-page Memorandum of Law in support of the Motion to Remand is silent on whether complete diversity exists and at what point, if any, the action filed in state court became removable. Plaintiff seems to assume that the foreclosure action was removable when the action commenced in state court—November 23, 1992. Defendant does not dispute that her notice of removal was filed more than one year after commencement of the action, but argues instead that such defect is procedural.

*Inc.*, 7 F.3d 232, 1993 WL 389946 (6th Cir. 1993). In that case, the plaintiff's motion to remand was filed almost three months after the defendant's notice of removal on the basis of diversity of citizenship. The court affirmed the district court's decision interpreting the language of the amendment as "a blanket prohibition on removal of diversity cases more than one year after commencement." *Brock v. Syntex Laboratories, Inc.*, 791 F.Supp. 721, 722 (E.D.Tenn.1992). *See also Robinson v. J.F. Cleckley & Co., Inc.* 751 F.Supp. 100, 105 (D.S.C.1990) (holding that the one-year cap on removal limits federal jurisdiction).

 This Court accepts the mandatory language of the statute and holds that the one-year limitation in section 1446(b) goes to subject matter jurisdiction. This is consistent with the precept that removal statutes are to be strictly construed against removal and in favor of remand. *Shamrock ·Oil & Gas Corp. v. Sheets,* 313 U.S. 100, 108–09, 61 S.Ct. 868, 872, 85 L.Ed. 1214 (1941). Moreover, the one-year limitation was intended to reduce the possibility of removal after substantial progress has been made in state court. *See* H.R.Rep. No. 889, 100th Cong., 2d Sess. § 22 (1988), *reprinted in* 1988 U.S.Code Cong. & Admin.News, 5982, 6032. While Congress recognized that this amendment would result in a "modest curtailment" in access to diversity jurisdiction, Congress was also concerned about the overwhelming caseloads of the federal courts. *Id.* Thus, remand to state court is consistent with Congressional intent. Since this Court finds that Defendant's violation of the one-year limitation on removal is jurisdictional, Plaintiff cannot be said to have waived its right to object pursuant to section 1447(c).

### CONCLUSION

Pursuant to 28 U.S.C. § 1447(c), this case is hereby REMANDED to state court for lack of subject matter jurisdiction. Plaintiff's motion to remand this case is GRANTED.

SO ORDERED.