104 F.3d 351
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
GREEN POINT SAVINGS BANK, Plaintiff-Appellee,
v.
Edith CORTEZ, Defendant,
and
Bertha HIDALGO, Defendant-Appellant.
 Nos. 96-7099(LEAD), 96-7100.
 United States Court of Appeals, Second Circuit.
 Sept. 26, 1996.
 
 1
 Appearing for Appellant: Bertha Hidalgo, pro se, Kissimmee, Florida.
 
 
 2
 Appearing for Appellee: Constantine Karides, Cullen & Dykman, Brooklyn, New York.
 
 
 3
 Before MESKILL, WINTER and ALTIMARI, Cicruict Judges.
 
 
 4
 Bertha Hidalgo ("Hidalgo"), a Florida resident, appeals from Judge Johnson's orders remanding the present matters to the Supreme Court of the State of New York for lack of federal subject matter jurisdiction.
 
 
 5
 On August 30, 1994, Hidalgo removed a foreclosure action filed by Green Point Savings Bank ("Green Point"), a New York corporation, from the Supreme Court of New York, Kings County, to the Eastern District of New York. Hidalgo filed her removal motion approximately 21 months after receiving Green Point's initial state court pleading. The district court noted that the only basis of removal was diversity of citizenship, and that, pursuant to 28 U.S.C. § 1446(b), removal on that basis is barred if more than one year has passed since commencement of the action. The court held that, although Green Point's motion to remand was untimely, Green Point did not waive the defect in the removal under § 1447(c), because the one-year deadline for removing diversity cases is jurisdictional in nature. The district court therefore granted the motion to remand. Green Point Savings Bank v. Hidalgo, 910 F.Supp. 89 (E.D.N.Y.1995). Hidalgo filed a timely notice of appeal.
 
 
 6
 The second appeal presents almost identical issues. On August 17, 1994, Hidalgo removed a second foreclosure action filed by Green Point from the Supreme Court of New York, Queens County, to the Eastern District of New York. Hidalgo filed this removal motion approximately 20 months after Green Point had commenced the state court action. On December 18, 1995, the district court granted Green Point's motion to remand because Hidalgo's failure to file a petition for removal within the one-year outer limit imposed by 28 U.S.C. § 1447(b) constituted a jurisdictional defect. Hidalgo filed a timely notice of appeal.
 
 
 7
 We granted Hidalgo's motion to consolidate the two appeals.
 
 
 8
 When a district court orders a removed case remanded on the ground that removal was without jurisdiction, that order "is not reviewable on appeal or otherwise, except" in certain circumstances not applicable to the present actions. 28 U.S.C. § 1447(d). The Supreme Court has held that Section 1447(d) bars review by appeal of a remand order and that "untimely removal [is] precisely the type of removal defect contemplated by § 1447(c)." Things Remembered, Inc. v. Petrarca, 116 S.Ct. 494, 497 (1995). As we noted in Hamilton v. Aetna Life & Casualty Co., 5 F.3d 642, 644 (2d Cir.1993), cert. denied, 510 U.S. 1130 (1994), an order granting remand based on a lack of federal subject matter jurisdiction is not reviewable, even if the order was based on an untimely remand motion.
 
 
 9
 In the present case, the district court remanded the two actions, because removal was improper for lack of subject matter jurisdiction. Pursuant to § 1447(d), we have no jurisdiction to review these remand orders. The two appeals are therefore dismissed.