Walton E. HATTAWAY, Plaintiff,

v.

**ENGELHARD CORPORATION,**
a Delaware Corporation
Defendant.

No. 5:97–CV–546–3 (DF).

United States District Court,
M.D. Georgia,
Macon Division.

March 17, 1998.

Paul E. Schlam, Columbus, GA, for Walton E. Hattaway, plaintiff.

Howard Jerome Strickland, Jr., Macon, GA, for Engelhard Corporation, a Delaware Corporation, defendants.

FITZPATRICK, Chief Judge.

Before the Court is Plaintiff's motion to remand this action to the State Court of Bibb County. Plaintiff argues that remand of this action is proper pursuant to 28 U.S.C. § 1446(b) because the case was removed more than a year after its commencement.

Plaintiff initially filed a lawsuit against the Englehard Corporation on December 30, 1994, in the State Court of Muscogee County. On February 6, 1995, the Englehard Corporation filed a motion to transfer the case to the State Court of Bibb County, which the court granted on April 14, 1995.

On June 19, 1997, Plaintiff voluntarily dismissed his action, without prejudice, against Englehard Corporation in the State Court of Bibb County. On the same day, Plaintiff refiled his action against Englehard Corporation in the State Court of Bibb County. Defendant Englehard Corporation was served on June 20, 1997. Defendant filed its notice of removal on July 27, 1997.

Plaintiff's claims arise from an incident on December 30, 1993. In both complaints, Plaintiff alleges that Defendant is liable to him for injuries caused by Defendant's failure to provide adequate and proper safeguards to protect persons in or about the buildings and/or loading and unloading facilities on their property and in their buildings. Plaintiff also alleges that the Defendant had a duty to protect invitees from injuries that are likely to arise from places and equipment that present an unusual level of danger.

## Discussion

■ The basis of Plaintiff's motion is 28 U.S.C. § 1446(b) which states that "a case may not be removed on the basis of jurisdiction conferred under section 1332 of this title more than 1 year after commencement of the action."[1] The Eleventh Circuit has held that the one-year bar on removal is a procedural bar, not a jurisdictional limitation. *Wilson v. General Motors Corp.*, 888 F.2d 779, 781 (11th Cir.1989).[2]

■ Plaintiff argues that this action commenced with the initial filing of a complaint in April 1995, and that the refiling of the complaint in June of 1997, after the case had been voluntarily dismissed, merely renewed the original action. Defendant argues that the second complaint is a new case. Both parties agree that the Court should look to state law to determine when a case commences. The Court agrees with this analysis. *See Barnett v. Sylacauga Autoplex*, 973 F.Supp. 1358, 1362 (N.D.Ala.1997); *Saunders v. Wire Rope Corp.*, 777 F.Supp. 1281, 1283 (E.D.Va.1991); *Perez v.. General Packer, Inc.*, 790 F.Supp. 1464, 1469 (C.D.Cal.1992); *Zumas v. Owens–Corning Fiberglas Corp.*, 907 F.Supp. 131, 132 (D.Md.1995).

### State Law

■ Under Georgia law, "[a] civil action is commenced by filing a complaint with the court." O.C.G.A. § 9–11–3.[3] Unfortunately, the analysis cannot end here because other Georgia statutes obfuscate the definition of commencement for a civil action such as the one at bar.

In Georgia state courts, a plaintiff may voluntarily dismiss a case without prejudice at any time before resting his case, "subject to the provisions ... of any statute." O.C.G.A. § 9–11–41. This statute authorized the dismissal of Plaintiff's first complaint on June 19, 1997. Another Section allows for refiling "either within the applicable period of limitations or within six months after the discontinuance or dismissal, whichever is later." O.C.G.A. § 9–2–61. Plaintiff also availed himself of the benefits of this statute on June 19, 1997, when he filed the second complaint.

In *Granite State Ins. Co. v. Nord Bitumi U.S., Inc.*, 262 Ga. 502, 422 S.E.2d 191, 195 (1992), the Supreme Court of Georgia stated

---

1. It is not disputed that Plaintiff's complaint meets the requirements for diversity of citizenship jurisdiction under 28 U.S.C. § 1332.

2. Thus the one-year bar could be waived or the plaintiff could be estopped from raising the bar based on equitable considerations. *Barnett v. Sylacauga Autoplex*, 973 F.Supp. 1358 (N.D.Ala. 1997).

3. Other Courts have held that such a statute governs the "commencement" of an action under 28 U.S.C. 1446(b). *Perez v. Gen'l Packer Inc.*, 790 F.Supp. 1464, 1469 (C.D.Cal.1992).

that the principle established by O.C.G.A. § 9–2–61 that a renewed suit would "stand on the same footing, as to limitation, with the original case ..." applies only to limitations and that all other aspects of the case are unaffected. The crux of Plaintiff's motion to remand is his contention that "limitation" as used in Georgia Code Section 9–2–61, applies to the federal statute limiting the time for removal. If this argument is accepted, the refiling of the case in Bibb County State Court on June 19, 1997 was merely a renewal of an action that was filed more than two years earlier, and thus should be viewed as one action in determining the date of commencement under 28 U.S.C. § 1446(b). Because the federal removal statute imposes a limitations period similar to a state statute of limitations, the Court accepts Plaintiff's argument and finds that the commencement date of the action initiated by the complaint of June 19, 1997 is in April of 1995.

This conclusion appropriately recognizes the link between the state actions. The second suit, which was filed in June of 1997, would have been barred by the statute of limitations but for the existence of the first suit, which was filed within the statute of limitations and later dismissed under O.C.G.A. § 9–2–61. Therefore, the viability of the second suit was dependent on the first suit; the true date of the commencement of the actions necessarily was December 30, 1994, the date the first suit was filed.

*Congressional Intent*

The Court finds support for its conclusion in the legislative intent in passing the federal statute. The legislative history reveals that in creating the federal statute at issue, Congress was concerned about removal of a case after substantial progress in state court proceedings:

> Subsection (b)(2) amends 28 U.S.C. § 1446(b) to establish a one-year limit on removal based on diversity jurisdiction as a means of reducing the opportunity for removal after substantial progress has been made in state court. The result is a modest curtailment in access to diversity jurisdiction. The amendment addresses problems that arise from a change of parties as an action progresses toward trial in state court ... Removal late in the proceedings may result in substantial delay and disruption.

H.R.Rep. No. 889, 100th Cong., 2d Sess. 72, *reprinted in* U.S. Cong. & Admin. News 1988, pp. 5982, 6032–33. Although Congress was primarily concerned about removal after parties are dropped from the case, the concern expressed about the potential delay and disruption caused by removal after substantial progress had been made in state court is relevant to the case at bar.[4]

■ Also persuasive is the broad language of the federal statute itself. The statute states: "a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action." 28 U.S.C. § 1446(b). Thus, Congress did not restrict the application of the statute to a situation involving the creation of diversity through the dismissal of a party. Instead, Congress used broad language to cover unforeseeable contingencies. The absence of a similar example in the legislative history does not preclude the application of a statute where the statutory language is broad enough to cover it. Therefore, the Court will follow the language of the statute. *See Oncale v. Sundowner Offshore Services, Inc.,* — U.S. —, 118 S.Ct. 998, 140 L.Ed.2d 201 (1998) ("[S]tatutory prohibitions often go beyond the principal evil to cover reasonably comparable evils, and it is ultimately the provisions of our laws rather than the principal concerns of our legislators by which we are governed.")

*Equitable Considerations*

■ This case does not significantly differ from the original action filed by Plaintiff.

---

4. Although Plaintiff's re-filing of a complaint in state court creates a new action, counsel may choose to adopt pleadings and discovery from the first case, which would be less costly than altering the work already performed to conform with the federal rules.

**1482**

Defendant could have removed the first action, which was pending in state court for over two years. Although the Plaintiff dismissed the first complaint and refiled the same day of his own volition, the Court cannot hold that these actions should prevent Plaintiff from raising the one-year bar of removal through the doctrine of equitable estoppel. Such a ruling would require a finding of bad faith or some sort of deception by the Plaintiff. *See Barnett v. Sylacauga Autoplex*, 973 F.Supp. 1358, 1367 (N.D.Ala. 1997). Plaintiff was simply exercising a right granted by the Georgia Legislature.

For the reasons outlined above, Plaintiff's motion to remand this action to the State Court of Bibb County is hereby **GRANTED.**