**Ronald CAUDILL and Jewell Caudill, parents and next friends of Jacob Caudill, a minor Plaintiffs,**

**v.**

**FORD MOTOR COMPANY, Defendant.**

**No. 03–CV–0427–EA (M).**

United States District Court, N.D. Oklahoma.

July 8, 2003.

James E Frasier, Steven R Hickman, Jerry Lynn Franks, Jr, Frasier Frasier & Hickman, Tulsa, for Ronald Caudill, parent and next friend of Jacob Caudill, a minor—Jacob Caudill, Jewell Caudill, parent and next friend of Jacob Caudill, a minor—Jacob Caudill, plaintiffs.

Guy Allen Thiessen, A Laurie Koller, Carr & Carr, Charles Greenough, Glenn Reuben Davis, Boone Smith Davis Hurst & Dickman, Tulsa, for Amy Lea Sunday, Ford Motor Company, defendants.

### ORDER

EAGAN, District Judge.

This matter comes before the Court *sua sponte* pursuant to defendant's Notice of Removal filed June 30, 2003. Defendant Ford Motor Company ("Ford") removed this case based upon diversity jurisdiction as set forth in 28 U.S.C. § 1332(a)(1). Ford is a Delaware corporation with its principle place of business in Michigan. Plaintiffs are residents of Oklahoma. Plaintiffs' Petition seeks recovery under theories of product liability and negligence, and alleges actual and punitive damages in excess of $10,000.[1] However, plaintiffs' responses to Ford's discovery requests reveal that the amount in controversy exceeds $75,000: a medical summary sheet indicates Caudill's medical expenses alone as $1,282,758.45 through March of 2002.

---

1. In Oklahoma, the general rules of pleading require that:

[e]very pleading demanding relief for damages in money in excess of Ten Thousand

■ Plaintiffs originally brought this action on May 24, 2002, in the District Court of Creek County against Ford and Amy Lea Sunday, an Oklahoma resident, for injuries resulting from an automobile accident occurring on September 11, 2000. One year and six days after filing suit, plaintiffs filed a Dismissal Without Prejudice, dismissing defendant Sunday. Ford asserts that plaintiffs served no discovery on Sunday and did not depose her prior to dismissing her from this lawsuit. Ford claims that plaintiffs thus fraudulently joined Sunday, a citizen of Oklahoma, simply to defeat diversity jurisdiction and avoid removal. Ford filed its Notice of Removal on June 30, 2003, setting forth the underlying facts.

Thus, the issue for the Court is whether the case may be removed even though more than one year has passed since it was filed in state court. The removal statute provides, in relevant part:

> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, *except that a case may not be removed on the basis of jurisdiction conferred by § 1332 of this title more than 1 year after commencement of the action.*

28 U.S.C. § 1446(b) (emphasis added). Ford argues that it is entitled to an equitable exception to the one-year limit on removal of cases to federal court because plaintiffs have manipulated the removal statute and undermined the purpose of diversity jurisdiction. *See Tedford v. Warner–Lambert,* 327 F.3d 423, 427 (5th Cir. 2003).

The one-year limit was added to § 1446(b) as part of the 1988 Judicial Improvements and Access to Justice Act, Pub.L. No. 100–702, § 1016, 102 Stat. 4642, 4669–70 (1988), as "a means of reducing the opportunity for removal after substantial progress has been made in state court." H.R.Rep. No. 100–889 at 72 (1988), *reprinted in* 1988 U.S.C.C.A.N. 5982, 6032 (subsequently presented to the Senate, 134 Cong. Rec. S16308–09 (daily ed. Oct. 14, 1988)). Congress expected that it would result in "a modest curtailment in access to diversity jurisdiction." *Id.* Because the Act permits plaintiffs to circumvent removal jurisdiction by adding, removing, or serving parties after the one-year limit, it "can invite tactical chicanery," as one commentary on the revision suggests. *See* David D. Siegel, Commentary on 1988 Revision of Section 1446, 28 U.S.C.A. § 1446 (West 1994). This case is a classic example of such "tactical chicanery."

Numerous courts have addressed this issue since it was added in 1988. Some have held that granting plaintiffs' motion to remand permits plaintiffs to "manipulate the forum," *see Morrison v. National Benefit Life Ins. Co.,* 889 F.Supp. 945, 951 (S.D.Miss.1995), and it "opens the door to potential abuse of the rule, the effect of which will be to undermine the very purpose behind Federal diversity jurisdiction," *see Kite v. Richard Wolf Medical Instruments Corp.,* 761 F.Supp. 597, 600 (S.D.Ind.1989). In these cases and others,

---

Dollars ($10,000) shall, without demanding any specific amount of money, set forth only that amount sought as damages is in excess of Ten Thousand Dollars ($10,000), except in actions sounding in contract. Okla. Stat. tit. 12, § 2008(2).

the courts have denied motions to remand based on equitable estoppel or interpretations of the phrase "commencement of the action" which extend the one-year limitation. *E.g., Tedford,* 327 F.3d at 428–29; *Johnson v. Heublein, Inc.,* 982 F.Supp. 438, 444–45 (S.D.Miss.1997); *Barnett v. Sylacauga Autoplex,* 973 F.Supp. 1358, 1367 (N.D.Ala.1997); *Leslie v. BancTec Serv. Corp.,* 928 F.Supp. 341, 346 (S.D.N.Y. 1996); *Morrison,* 889 F.Supp. at 950–51; *Saunders v. Wire Rope Corp.,* 777 F.Supp. 1281, 1282–83 (E.D.Va.1991); *Greer v. Skilcraft,* 704 F.Supp. 1570, 1582–83 (N.D.Ala.1989). Some cases have expressly held that the one-year limit does not apply to cases involving fraudulent joinder. *Hardy v. Ajax Magnathermic Corp.,* 122 F.Supp.2d 757, 759 (W.D.Ky.2000) (citing *Ritchey v. Upjohn Drug Co.,* 139 F.3d 1313, 1318–19 (9th Cir.1998)).

■ Yet others have found, and this Court agrees, that the one year limitation should be strictly interpreted and enforced (although some allude to equitable considerations as well.) *See e.g., Ariel Land Owners, Inc. v. Dring,* 245 F.Supp.2d 589, 600–02 (M.D.Pa.2003); *Codner v. American Home Products Corp.,* 123 F.Supp.2d 1272, 1274 (W.D.Okla.2000); *Hattaway v. Engelhard Corp.,* 998 F.Supp. 1479, 1481–82 (M.D.Ga.1998); *Russaw v. Voyager Life Ins. Co.,* 921 F.Supp. 723, 724–25 (M.D.Ala.1996); *Zumas v. Owens–Corning Fiberglas Corp.,* 907 F.Supp. 131, 133–34 (D.Md.1995); *Price v. Messer,* 872 F.Supp. 317 (S.D.W.Va.1995); *Norman v. Sundance Spas, Inc.,* 844 F.Supp. 355, 356–57 (W.D.Ky.1994); *Santiago v. Barre Nat'l, Inc.,* 795 F.Supp. 508, 510–12 (D.Mass. 1992); *Brock v. Syntex Laboratories, Inc.,* 791 F.Supp. 721, 722–23 (E.D.Tenn.1992); *Cofer v. Horsehead Research and Development Co.,* 805 F.Supp. 541, 543–44

(E.D.Tenn.1991); *O'Rourke v. Communique Telecommunications, Inc.,* 715 F.Supp. 828, 829 (E.D.Mich.1989). As one court has recognized, "the one year limitation upon removal lends itself to abuses and inequities .... However, it is for the Congress and not this Court to rewrite the provisions of section 1446(b) to curb such abuses." *Martine,* 841 F.Supp. at 1422. Cases involving fraudulent joinder are no exception.

The Commentary to the 1988 Revisions of 28 U.S.C. § 1446(b) shows that congress knew when it passed the one year bar on removal that some plaintiffs would attempt to defeat diversity by fraudulently (and temporarily) joining a non-diverse party. In that case, as long as there is some possibility that a non-diverse joined party could be liable in the action, there is no federal jurisdiction. But, under section 1446(b), if, after one year, the plaintiff dismisses the non-diverse defendant, the defendant cannot remove. So, a plaintiff could defeat jurisdiction by joining a non-diverse party and dismissing him after the deadline. Congress has recognized and accepted that, in some circumstances, plaintiff can and will intentionally avoid federal jurisdiction.

*Burns v. Windsor Ins. Co.,* 31 F.3d 1092, 1097 n. 12 (11th Cir.1994).

■ Federal removal jurisdiction is statutory in nature and is to be strictly construed. *See Shamrock Oil & Gas v. Sheets,* 313 U.S. 100, 108–09, 61 S.Ct. 868, 85 L.Ed. 1214 (1941). "There is a presumption against removal jurisdiction," and doubtful cases must be resolved in favor of remand. *Laughlin v. Kmart Corp.,* 50 F.3d 871, 873 (10th Cir.1995); *see also Fajen v. Foundation Reserve Ins. Co., Inc.,* 683 F.2d 331 (10th Cir.1982). Ford

has not overcome the presumption. It could have made its fraudulent joinder argument before the end of the statutory period, especially given plaintiffs' inertia with regard to discovery directed toward Sunday.

When it became apparent that plaintiffs were not pursuing their case against Sunday, Ford could have (1) moved for dismissal of Sunday as a fraudulently-joined party in state court; (2) taken discovery in state court to show fraudulent joinder; or (3) removed within one year and made its fraudulent joinder argument to this Court. Ford knew the one-year clock was ticking, *see Sasser v. Ford Motor Co.*, 126 F.Supp.2d 1333, 1336–37 (M.D.Ala.2001); *Turner v. Ford Motor Co.*, 116 F.Supp.2d 755, 759–62 (S.D.Miss.2000), yet it failed to take action. There is no good reason for a federal court to "create" removal jurisdiction outside the one-year period when the issue could have been addressed before the deadline set by Congress. Even if Ford were not successful on its fraudulent joinder argument, at least it would have forced plaintiffs' hand and perhaps eliminated some of the gamesmanship that § 1446(b) permits in its present form. As it stands, the Court is constrained by the plain language of the statute.

For the reasons set forth herein, the Court hereby orders the Court Clerk to **REMAND** this case to the District Court in and for Creek County.