**JONES MANAGEMENT SERVICES, LLC, Plaintiff,**

v.

**KES, INC. d/b/a EES; and Charles L. Kennedy, Jr., Defendants.**

No. 1:03–cv–314.

United States District Court,
E.D. Tennessee,
at Chattanooga.

Oct. 16, 2003.

Donald J. Aho, Miller & Martin, Chattanooga, TN, for Plaintiff.

Brian C. Smith, Chattanooga, TN, for Defendant.

## MEMORANDUM

EDGAR, Chief Judge.

This case is before the Court on motion of the plaintiff, Jones Management Services, LLC ("Jones") to remand [Court File No. 2].

On June 13, 2002, Jones, a Tennessee limited liability company, filed this suit in the Chancery Court of Bradley County, Tennessee, against KES, Inc., a North Carolina corporation, and Charles L. Kennedy, Jr., a North Carolina resident. The gravamen of the suit is breach of contract. The damages sought were $60,000 together with attorney fees and costs.

On June 2, 2003, after the state court refused to dismiss the suit, the defendants filed an answer and counterclaim. Jones replied to the counterclaim on July 25, 2003. On September 4, 2003, Jones filed an amended complaint in which it again sought $60,000 in compensatory damages. However, in the amended complaint, Jones

also asked that the damages be trebled under TENN. CODE ANN. § 47–18–109(a)(3), the Tennessee Consumer Protection Act, thus bringing the *ad damnum* to more than the $75,000 threshold for diversity jurisdiction. Defendants removed the case to this Court on September 8, 2003.

■ Jones seeks a remand because the defendants removed the case more than one year after commencement of the state court suit, citing 28 U.S.C. § 1446(b). The defendants, in response, contend that this Court should, despite the language of the statute, exercise its "equitable powers" to deny remand.

28 U.S.C. § 1446(b) provides in pertinent part that:

If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action.

Most cases recognize that this statute, without any exceptions, clearly provides a one-year cap on the ability to remove a case. That certainly has been the law in this district. *Brock by Brock v. Syntex Laboratories*, 791 F.Supp. 721 (E.D.Tenn. 1992), *aff'd*, 7 F.3d 232 (Table), 1993 WL 389946 (6th Cir. Oct.1, 1993) (Unpub). Other district courts have reached the same conclusion. *Mantz v. St. Paul Fire & Marine Ins. Co.*, No. CIV. A. 2:03–0506, 2003 WL 21383830 (S.D.W.Va. June 13, 2003); *Caudill v. Ford Motor Company*, 271 F.Supp.2d 1324 (N.D.Okla.2003); *Green Point Savings Bank v. Hidalgo*, 910 F.Supp. 89 (E.D.N.Y.1995); *Robinson v. J.F. Cleckley & Co., Inc.*, 751 F.Supp. 100

(D.S.C.1990). The Fourth Circuit has also said that § 1446 erects "an absolute bar to removal of cases in which jurisdiction is premised on 28 U.S.C. § 1332 more than one year after commencement of the action." *Lovern v. General Motors Corporation*, 121 F.3d 160, 163 (4th Cir.1997).

Defendants point to other cases, particularly *Tedford v. Warner–Lambert Company*, 327 F.3d 423 (5th Cir.2003), holding that § 1446(b) "is not inflexible, and the conduct of the parties may affect whether it is equitable to strictly apply the one-year limit." 327 F.3d at 426. The Fifth Circuit was concerned with forum manipulation abuse that could result from strict application of the statute. In that case the Court thought that the plaintiff had joined a non-diverse defendant for the sole purpose of preventing removal, then dismissing that defendant only after the one-year statutory period had expired. The Fifth Circuit found that "equity" demanded that the plaintiff be estopped from seeking a remand on the basis of the one-year limit in § 1446(b). Other courts have recognized the possibility that § 1446(b) could engender inequitable results. Those courts have, nevertheless, read the statute as it is written. *See Brock*, 791 F.Supp. at 723; *Caudill*, 271 F.Supp.2d at 1327–28.

■ This Court respectfully disagrees with the Fifth Circuit. The statute says what it says. Any attempt to read into the statute an "equitable" exception amounts to judicial legerdemain. However, even if such a reading could be given to § 1446(b), it is certainly not self-evident that Jones was playing forum selection games in this case. It is true that Jones increased the *ad damnum* after the one-year period had expired. However, the treble damages claim seems almost to have been added as an afterthought, and only after the defendants had filed a counterclaim. If the statute did allow for equitable relief from

the one-year cap, such relief would not be warranted on the facts of this particular case. The case must, therefore, be **REMANDED** to the Chancery Court for Bradley County, Tennessee.

 In addition to remand, Jones seeks to recover from the defendants costs and expenses, including attorney fees incurred as a result of the removal. 28 U.S.C. § 1447(c) provides in part: "An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." That removal was not warranted in this case does not mean that Jones may recover costs and expenses. This Court has some discretion on this issue. The defendants did have a colorable argument for removal. Such being the case, this Court **DECLINES** to make an award to Jones under § 1447(c). *Valdes v. Wal–Mart Stores, Inc.*, 199 F.3d 290, 293–94 (5th Cir.2000); *Hale v. MasterSoft International Pty. Ltd.*, 93 F.Supp.2d 1108, 1114–15 (D.Colo.2000).

An order will enter **GRANTING** Jones' motion insofar as it seeks to remand this case under 28 U.S.C. § 1446(b); and **DENYING** the motion insofar as it seeks recovery of costs and expenses, including attorney fees, under 28 U.S.C. § 1447(c).

### ORDER OF REMAND

For the reasons expressed in the Court's memorandum filed herewith, the motion of plaintiff, Jones Management Services, LLC ("Jones") to remand [Court File No. 2] is **GRANTED IN PART and DENIED IN PART.** Jones' motion is **GRANTED** insofar as it seeks to remand this case under 28 U.S.C. § 1446(b); and **DENIED** insofar as Jones seeks recovery of costs and expenses, including attorney fees, under 28 U.S.C. § 1447(c).

This case is hereby **REMANDED** to the Chancery Court of Bradley County, Tennessee.

SO ORDERED.